## Ed. J. Baker, The Wallace Press and Bestwall Manufacturing Company, Appellees, v. Abbott Manufacturing Company, Edward R. Litsinger, George W. McGurn and Leonard C. Reid, Appellants.

## Gen. No. 24,177.

1. CORPORATIONS, § 363*—*when representative shown to have power to enter into contract with another corporation.* Evidence *held* sufficient to show that a representative of a corporation had power to make a contract with another corporation, where it appeared that such representative was the only visible head of the corporation at its office and factory; that he signed the name of the president to the checks of the company to a limited amount; that his authority to do so was registered at the bank at which the corporation did business; that he had charge of the office and all employees, received the mail, examined it, and had general supervision of the company's affairs.

2. CORPORATIONS, § 633*—*what constitutes cessation of business by manufacturing company warranting suit for dissolution.* A manufacturing company had ceased to do business so as to render a suit for dissolution under section 25, ch. 32, Rev. St. (J. & A. ¶ 2442) proper, where such corporation had ceased manufacturing; had closed its factory; had put its machinery, etc., in storage; had taken its account books over to the law offices of the individual stockholders and had proceeded to wind up its affairs.

3. CORPORATIONS, § 638*—*who are proper parties defendant to bill for dissolution.* Stockholders who have not fully paid for their stock are proper parties defendant to a bill for the dissolution of a corporation and to enforce liability of the stockholders, under section 25, ch. 32, Rev. St. (J. & A. ¶ 2442).

4. CORPORATIONS, § 637*—*when jurisdiction of suit to dissolve corporation not lost.* Where one complainant, in a suit to dissolve a corporation under section 25, ch. 32, Rev. St. (J. & A. ¶ 2442), had a judgment for his claim and an execution in the hands of a proper officer unsatisfied after demand, the court had jurisdiction of the suit, although two other complainants did not have judgments and such jurisdiction was not lost although the corporation, after the filing of the bill, paid the judgment and the claim of one of the complainants.

5. CORPORATIONS, § 637*—*when court in suit to dissolve corpora-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Baker et al. v. Abbott Mfg. Co. et al., 212 Ill. App. 476.

*tion has jurisdiction to settle dispute as to claim of creditor.* A claimant whose debt is due, but has not been reduced to judgment, may avail himself of the provisions of section 25, ch. 32, Rev. St. (J. & A. ¶ 2442), relating to the dissolution of corporations and the bringing of suits against stockholders liable for the debts of the corporation, and the chancery court, having jurisdiction of the subject-matter, may proceed to settle the dispute.

6. APPEAL AND ERROR, § 1399*—*when finding of master not disturbed.* The master in chancery, who alone sees the witnesses, is better able to judge of their credibility from their appearance and manner of testifying than the chancellor or the Appellate Court; and, the testimony being conflicting, the master's finding should not be disturbed on appeal.

7. EVIDENCE, § 48*—*who has burden of proving affirmative defense.* The defendant has the burden of proving an affirmative defense by a preponderance of evidence.

8. EVIDENCE, § 475*—*when preponderance of is not in favor of defendant.* The preponderance of evidence is not in favor of a defendant seeking to establish an affirmative defense, where there is one equally credible witness on each side.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded with directions. Opinion filed November 11, 1918. Rehearing denied November 25, 1918.

LITSINGER, HEALY & REID, for appellants; JAMES J. FINN, of counsel.

HOMER K. GALPIN and SAMUEL G. HAMBLEN, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is a bill by creditors brought under section 25 of the Corporation Act (J. & A. ¶ 2442), which provides that "suits in equity may be brought against all persons who are stockholders at the time or liable in any way for the debts of the corporation."

The defendant Abbott Manufacturing Company was

*See *Illinois Notes Digest*, Vols. XI to XV, and *Cumulative Quarterly*, same topic and section number.

organized to manufacture and sell bank, store and office fixtures, etc. The defendant Litsinger was president, defendant George W. McGurn vice president, and defendant Leonard C. Reid secretary and treasurer of the company. The capital stock of the company was $20,000, divided into 200 shares of $100 each. Litsinger subscribed for all the stock but two shares, while McGurn and Reid subscribed for one share each. These officers comprised the law firm of Litsinger, McGurn & Reid, practicing their profession in Chicago. The company was organized in October, 1913, and carried on its business first at 713-15 South Fifth avenue, Chicago, and afterwards at 2401 Normal avenue, Chicago. In August or September, 1915, the company's factory closed, its employees were discharged, the office furniture, etc., moved and stored by the defendant Litsinger, and it ceased doing business. It moved its offices to the law offices of Litsinger, McGurn & Reid.

At the time of the filing of the bill, January 17, 1916, the Abbott Manufacturing Company had ceased doing business, leaving debts unpaid, among which were debts due to the original complainants. At this time the Abbott Company was indebted to complainant Edward J. Baker in the sum of $92.40, a judgment for which was obtained in the Municipal Court of Chicago against the company on November 12, 1915, and on the 15th of November thereafter, execution was issued and delivered to the bailiff of the court. On January 26, 1916, the execution was returned satisfied in full.

The Abbott Company was also indebted to the complainant Bestwall Manufacturing Company at the time of the filing of the bill in the sum of $125.64. This debt was paid by the company subsequent to the filing of the bill and prior to January 25, 1916, the date of the filing of the amended answer.

At the time of the filing of the bill there was due from the Abbott Company to the complainant The Wallace Press, under a contract made between them,

the sum of $459.20, the amount found due by the master to whom the cause was referred. The decree varied the finding of the master as to the amount due The Wallace Press, fixing it at $315.96, and on this part of the decree The Wallace Press assigns cross errors.

When the Abbott Company ceased carrying on the business for which it was incorporated it canceled the contract with The Wallace Press, and now contends that the contract was made by one William D. Innes without authority.

From the evidence of Innes found in the record the master might well find, as he did, that Innes was the only visible head of the Abbott Company at its office and factory; that he signed the name of the president to the checks of the company to a limited amount. His authority so to do was registered at the bank where the Abbott Company kept its account. He likewise had charge of the office and all of its employees. He received the mail and examined it and had general supervision of the company's affairs; and we agree with the finding of the master that "the evidence shows that Mr. Innes had both actual and ostensible authority to enter into and carry out the contract on behalf of the Abbott Manufacturing Company."

It is likewise argued that the Abbott Company did not cease to do business so as to make it amenable to be proceeded against under section 25, ch. 32, Rev. St. (J. & A. ¶ 2442), and counsel have elaborately argued the meaning of the word "cease" and have made copious citations from various lexicographers in an attempt to show that the Abbott Company had not ceased to do business within well-defined definitions of the word "cease." We think, however, that the master might well find, as he did, that the company had ceased to conduct the business for which it was incorporated. It is clear, even from defendant Litsinger's testimony, that the company had disbanded. It was a manufacturing company, as its name implies. It had

ceased to manufacture; it had closed its factory; it had put its machinery, etc., into storage; it had taken its account books over to the individual defendants' law offices and had proceeded to wind up its affairs.

We think that, under any rational interpretation of the words of the statute, the company had ceased to perform its charter functions and was in process of liquidation and that the surface 'indications did not show a temporary suspension but a permanent going out of business.

As the individual defendants had not fully paid for their stock, it was proper to join them as parties defendant in the bill for a dissolution of the corporation under section 25, ch. 32 (J. & A. ¶ 2442), *supra.*

While The Wallace Press had no judgment at the time of the filing of the bill—only a pending suit—the complainant Baker had a judgment for his claim and an execution in the hands of a proper officer unsatisfied after demand. This was sufficient to give the court jurisdiction of the bill to dissolve the company, and the subsequent payment by the company of the judgment, as well as the claim of the Bestwall Manufacturing Company, did not oust the court of such jurisdiction. Furthermore, it was not necessary for The Wallace Press to reduce its claim to judgment as a condition precedent to invoking relief under section 25, *supra.* This has been expressly decided in *Standard Distilling & Distributing Co. v. Springfield Coal Mining & Tile Co.,* 239 Ill. 600.

The contention that disputed claims cannot be liquidated in a proceeding instituted under section 25, ch. 32 (J. & A. ¶ 2442), *supra,* does not appeal to us as being well taken, as it has been expressly held that a claimant whose debt is due and not reduced to judgment may avail of the provisions of section 25, *supra,* and it logically follows that if such claim is disputed, the chancery court having jurisdiction of the subject-matter might proceed to settle such dispute.

The claim of The Wallace Press is allowed against the defendant Abbott Manufacturing Company and not against any of the codefendants. However this might be, the fact that the defendant Litsinger gave bond to pay any claim, with costs, which might be allowed against the company, as a condition of the court's not appointing a receiver until final decree, makes the objection on this point of no avail.

We think The Wallace Press should prevail on its cross errors. The cause was heard on exceptions to the master's report, the chancellor hearing no testimony aside from that contained in the master's report. An examination of the testimony sustains, in our judgment, the conclusion at which the master arrived. He saw the witnesses, which the chancellor did not, and was therefore the better able to judge of their credibility from their appearance and their manner of testifying than was the chancellor or this court. The finding of the master in this regard should not, therefore, have been disturbed by the chancellor.

On the disputed point there were two witnesses, one for each of the parties. Their testimony was divergent, and it was therefore peculiarly within the power of the master to determine as to which one of the two witnesses he would believe; and furthermore, this being in the nature of an affirmative defense, the law imposed upon the company the burden of proving such defense by a preponderance of the evidence; this it failed to do. On the theory that each of these two witnesses was equally credible, the company did not sustain that part of its defense by a preponderance of the proof.

For the error of the chancellor in departing from the report of the master and varying the same, the decree of the Superior Court is reversed and the cause is remanded with directions to enter a decree confirming the master's report *in toto* and decreeing $459.20 as the amount due The Wallace Press, costs here and be-

low, including that of the additional abstract, to be
taxed against defendants.

*Reversed and remanded with directions.*