MARGARET M. SMITH, *Appellant*, v. V. A. KALLIO AND WIFE, A. M. KALLIO, *Appellees*.

Division A.

Opinion Filed November 8, 1927.

*Ross Williams*, for Appellant;

*Snedigar, Miller, McKay & Baya*, for Appellees.

ELLIS, C. J.—This is an appeal from an order sustaining a demurrer to a bill to compel the execution of a deed for the conveyance of land and to require the defendants to discharge all liens which may have accrued upon the land since a certain date. The above is the substance of the prayer. It is a bill for the specific performance of a contract for the sale of land.

It appears from the allegations of the bill that when the defendants, V. A. and A. M. Kallio, agreed to sell the land to the complainant that they held only a contract for the purchase of the same from "Thomas and Smith." The price which the complainant agreed to pay was $2,500.00 of which $300.00 were to have been paid "cash" and the remainder ten days after the delivery of an abstract of title to the land and the defendants were then to assign

"their interests in said lands derived from contracts held thereto from Thomas & Smith."

About two months after the date of the alleged agreement the defendants tendered to complainant through her agent an abstract of the title but before the expiration of the ten days refused to complete the sale; but A. M. Kallio, the wife of V. A. Kallio, did sign written assignments of the contract for the purchase of the land which V. A. Kallio had made with Thomas and Smith. The execution of the assignments was acknowledged by Mrs. Kallio before a notary public but not in the form prescribed by the statute for the acknowledgment by a married woman of the execution of an instrument waiving dower or conveying her separate interest in land.

A person holding only a contract for the purchase of land may agree to convey the title to another and when he later acquires the title his agreement to convey may be specifically enforced against him. See Townsend v. Good-fellow, 40 Minn. 312, 41 N. W. Rep 1056, 3 L. R. A. 739; Tiernan v. Roland, 15 Pa. 429; Dresel v. Jordan, 104 Mass. 407; 2 Story's Equity Jurisprudence (13 Ed.), Secs. 776-789, 39 Cyc. 1213.

But it is none the less an agreement for the sale of an interest in land and should to be enforceable comply with the Statute of Frauds.

Sec. 3872, Revised General Statutes, 1920.

Specific performance cannot be demanded of right; it is granted of grace and rests in discretion. See Knox v. Spratt, 23 Fla. 64, 6 South. Rep. 924; Asia v. Hiser, 38 Fla. 71, 20 South. Rep. 796; Nobles v. L'Engle, 61 Fla. 696, 55 South. Rep. 839; Williams v. Bailey, 69 Fla. 225, 67 South. Rep. 877; Murphy v. Hohne, 73 Fla. 803, 74 South. Rep. 973.

The bill of complaint for specific performance of a

contract for the sale of land need not allege that the contract is in writing when it is alleged that the parties entered into an agreement for the sale of it.   36 Cyc. 777; 20 Ency. Pleading and Practice 446; 9 Ency. Pleading and Practice 700; Maloy v. Boyett, 53 Fla. 956.

The bill in this case, however, is defective in that its allegations are not entirely free from doubt concerning the contract entered into between the parties whether it was in writing or parol.

The inference is clear, upon the other hand, that it was an oral agreement and that the complainant's cause in reality rests upon the written assignments of the Kallio agreement with Thomas and Smith by Mrs. Kallio.   The allegations of offer of performance by the complainant and willingness and ability on her part at the time when the abstract was tendered to perform the agreement on her part are not clear and definite.

A bill for specific performance of a contract should in its allegations of the existence of a contract, the willingness and ability of the complainant to perform, the failure or refusal of the defendant to perform the agreement on his part, be sufficiently clear that the Court may determine from the showing made whether it is such a case as clearly merits the relief sought.

We think that the bill fails in these essentials and that the chancellor was correct in sustaining the demurrer.

Affirmed without prejudice.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.