EMPIRE LUMBER COMPANY, a corporation, *Appellant*, v. BESSIE MORRIS, widow, SUSAN M. WILLS and WALTER S. WILLS, her husband, and A. N. EDDINS and ROSE EDDINS, his wife, *Appellees*.

135 So. 508.

Division B.

Opinion filed June 26, 1931.

*Fleming, Hamilton, Diver & Lichliter*, of Jacksonville, for Appellant.

*J. L. Frazee*, of Jacksonville, for Appellees.

DAVIS, J.—This is a mortgage foreclosure. The defense was payment. Reference was had to a special master who found for complainant. On exceptions the Master's findings were reversed by the Circuit Judge who rendered a decree against complainant. The question here is whether the Chancellor should be reversed in his findings on the facts in view of the master's findings otherwise. It is recognized that this Court has held that when the parties consent to the reference of a case to a master to hear and decide all issues therein, that the *master's* findings of fact are entitled to the same weight as the verdict of a jury. See Croom v. Ocala Plumbing & Electric Co., 62 Fla. 460, 57 So. 243; Baker v. Abbott, 212 Ill. App. 476.

But under such a reference if the master's findings are entitled to the same weight as the verdict of a jury, the decree of the Chancellor setting such findings aside should also be entitled to the same weight as this Court has accorded to orders of Circuit Judges granting new trials contrary to the findings of juries as stated in verdicts which the trial judges did not approve.

The evidence in this case is conflicting. In view of the nature of the relations shown between the parties and their conduct with reference to dealings with the principal witness Peek, the contention of the appellees that the evidence preponderates in their favor, is not so unwarranted or unreasonable as to justify us in reversing the Chancellor. Payment of enough money to Peek, who had the mortgage in charge, to satisfy such mortgage is undenied. The sharply disputed fact is the *application* of what was paid—whether to the unrecorded mortgage of complainant or to another and different transaction.

Peek himself testified that a certain $1,000.00 check was *arbitrarily* applied on a land contract by the appellant Empire Land Company. The other check for $568.80 —an amount which approximated but somewhat exceeded the actual amount of principal and interest due as the balance on the mortgage after crediting the $1,000.00

check,—is not clearly shown not to have been intended as a final payment on the notes and mortgage. No other purpose for this check is definitely established. It was therefore within the reasonable province of the Chancellor to find that both checks were intended to apply on the mortgage. This may be true, even if we consider as also true the suggestion that defendant added something to one of the checks to fortify its weight as evidence.

All of the transactions which occurred were undeniably unusual. But it seems no more unreasonable to believe that defendant was acting contrary to the probabilities of the case and to good business sense in paying $95.22 more than he owed, than it is to accept as reasonable the admitted fact that Empire Land Company acted with perfect good judgment when it did not regard its mortgage important enough to record for more than a year after it was given.

Perhaps the Chancellor looked on the whole procedure as being consonant with the spirit of abnormality of conduct and atrophied reason which attended most of the real estate transactions at the time when these particular events occurred, and that he decided the case in favor of defendant accordingly.

If evidence is conflicting or not clearly preponderating in favor of findings made by a special master, a Chancellor's order making a finding to the contrary, and setting aside the findings of the master, will not be reversed in the absence of a showing of abuse or plain error, although a special master's finding be conceded to be entitled to the same weight as a jury's verdict. Phillips v. Lowenstein, 91 Fla. 89, 107 So. 350.

The decree is affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.