SAFFOLD BROTHERS PRODUCE CO. v. WINN & LOVETT GRO-
CERY CO., *et al.*

149 So. 1.

Division A.

Opinion Filed June 14, 1933.

*Hampton, Bull & Crom,* for Appellant;

*T. Paine Kelly* and *Kay, Adams, Ragland & Kurz,* for
Appellee.

ELLIS, J.—Saffold Brothers Produce Company, a Florida
corporation, obtained a judgment in the Circuit Court for
Hillsborough County during April, 1931, against Bailey
Produce Company, a Florida corporation, in the sum of
fifteen thousand two hundred and sixty-three dollars and
fifteen cents.

The cause of action rested upon a series of trading trans-
actions in merchandise extending over a period of several
years. The complainant sold the goods and the Bailey
Produce Company bought them.

Then during the same month in which the judgment was
obtained, April, 1931, the complainant exhibited its cred-
itor's bill in the Circuit Court for Hillsborough County

against the Bailey Produce Company, Winn & Lovett Grocery Company, a Florida corporation, Paul B. Bailey, W. R. Lovett and Seminole Grocery Company, a Florida corporation. The bill prayed that certain personal property which the Bailey Produce Company had transferred to the Seminole Grocery Company, consisting of certain automobile trucks and passenger vehicles, a cold storage plant, a safe, and office equipment, be restored to the Bailey Produce Company, that the value of it be ascertained and that the complainant's judgment be declared to be a superior lien upon the property to that claimed by the defendants or either of them, and in the event of the failure to restore the property that the complainant have a decree against the defendants for the value of it and that a receiver be appointed to take possession of the property and hold it subject to the order of the court.

There was also a prayer for a decree to the effect that when the Bailey Produce Company purchased the merchandise from the complainant, resulting in the judgment in the latter's favor, the Bailey Produce Company was acting as the agent of the other defendants named, or such of them as may be shown to have been principals in the transactions, and that the Bailey Produce Company was all the while owned and controlled by Winn & Lovett Grocery Company and W. R. Lovett and used by them as an agent for them in the transactions resulting in the judgment in favor of the complainant and for the fraudulent purpose of concealing their identity in the purchase of the merchandise and to avoid their liability for the same and to defraud and hinder other creditors in the collection of their claims.

For the purpose of disposing of this case it is needless to recite the allegations of the bill upon which the prayer as above stated rests.

There was no demurrer but the defendants answered denying such allegations which if found to be true would have justified the relief prayed.

The bill was framed upon the theory that it is not permissible in, law for a person or a combination of persons to use the fiction of a corporate entity for the promotion of fraudulent schemes to avoid personal liability for obligations incurred to innocent persons with whom they dealt in the name of the corporate entity to their exclusive personal advantage. That in such cases the corporate entity, a formal fiction in law, is a fiction in reality, the mere *alter ego* of the designing traders to whom chancery will look through the veil of the corporate fiction and place the responsibility where in conscience and in law it belongs.

The doctrine has recently been discussed and approved by this Court in Biscayne Realty & Insurance Co. v. Ostend Realty Co., *et. al.,* decided at the present term on rehearing, not yet reported.

As stated, the allegations of the bill in this case stated such a cause in complainant's behalf.

The parties submitted the issues upon bill and answer. Testimony was taken by a master appointed by the court, and the Chancellor, upon the coming in of the evidence and exhibits and after argument by counsel and being fully advised in the premises, rendered a decree denying the relief sought and dismissing the bill of complaint, without prejudice however to the complainant pursuing any remedy it may be advised to be available to set aside the bill of sale of the personal property to the Seminole Grocery Company and to enforce the payment by W. R. Lovett of his stock subscription to the stock of the Bailey Produce Company. From that decree the complainant appealed.

Our examination of the record and careful reading and

study of the briefs, which prepared by able counsel have been very helpful, lead us to the conclusion that there was no error in the decree.

The case turned upon questions of fact. The evidence was full, not to say voluminous. There appear in it many suspicious circumstances which seem to justify the bringing of the suit, but it is not proper nor within the power of this Court where the evidence does not clearly disclose error in the Chancellor's findings and conclusions to substitute its judgment for that of the Chancellor. Nor even where the evidence is conflicting is it within the province of this Court to set aside the Chancellor's findings upon the facts and substitute for them the opinion of this Court as to the deductions which should be drawn from the facts as it views them. Such is not the province of an appellate court. Its domain of authority lies within that field in which the appellant has made it clearly to appear that the Chancellor has erred substantially to the injury of the appellant. See Waterman v. Higgins, 28 Fla. 660, 10 South. Rep. 97; Bothamly v. Queal, 58 Fla. 396, 50 South. Rep. 415; Theisen v. Whiddon, 60 Fla. 372, 53 South. Rep. 642; Shad v. Smith, 74 Fla. 324, 76 South. Rep. 897; Guggenheimer v. Davidson, 74 Fla. 485, 77 South. Rep. 266; Sandlin v. Hunter Co., 70 Fla. 514, 70 South. Rep. 533; Routh v. Richards, 103 Fla. 757, 138 South. Rep. 72; Heinisch v. Mills, 100 Fla. 1600, 132 South. Rep. 109; Lesnoff v. Becker, 101 Fla. 716, 135 South. Rep. 146; Empire Lumber Co. v. Morris, 102 Fla. 226, 135 South. Rep. 508.

In this view of the case the decree is affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.