W. B. HARBESON LUMBER Co. v. GENEVA MILL Co., *et al.*

156 So. 710.

Division B.

Opinion Filed July 26, 1934.

Opinion on Rehearing Filed Sept. 21, 1934.

*Watson & Pasco & Brown,* for Appellant;

*D. Stuart Gillis* and *Powell, Albritton & Albritton* (Andalusia, Ala.) for Appellees.

WHITFIELD, P. J.—In a suit to foreclose the first lien of State and county tax sale certificates upon lands apparently not within any municipality, the complainant made judgment lien holders against the owner of the land, as well as such owner, parties defendant to the suit and alleged that the judgment liens are inferior to the lien of complainant's tax sale certificates. Decree *pro confesso* was entered against the owner of the land, viz.: Geneva Mill Company, a corporation and against two of the judgment lien holders.

By answer two of the defendants aver:

"1.  That the respondent, Albert J. O'Neal, is the owner of that certain judgment rendered in his favor and against the respondent, Geneva Mill Company, a corporation, in the Circuit Court of Walton County, Florida, on September 14th, 1933, a date prior to the date of the purchase by com-

plainant of the certificates herein sought to be foreclosed, for the sum of $12,924.68 principal, interest and costs, no part of which has been paid or satisfied.

"2.  That the respondent, Lester C. O'Neal, is the owner of that certain judgment rendered in his favor and against the respondent, Geneva Mill Company, a corporation, in the Circuit Court of Walton County, Florida, on September 14, 1933, a date prior to the date of the purchase by complainant of the certificates herein sought to be foreclosed, for the sum of $12,470.58, principal, interest and costs, no part of which has been paid or satisfied.

"3.  That the said Geneva Mill Company at the time of the rendition of said judgments, and at the time of the purchase by complainant of the certificates herein sought to be foreclosed, was and still is the owner of the fee simple title to the lands covered by said certificates, by virtue whereof the said judgments became and have remained a lien upon and against said lands, inferior, it is conceded, at the time of their rendition to the lien held by the State of Florida, and Walton County, now claimed by complainant, for the unpaid State and county taxes thereon, but rendered superior and of prior dignity by the acts and conduct of the complainant hereinafter set forth.

"4.  That the complainant, shortly after the purchase by it of said certificates, wrongfully and unlawfully entered upon said lands and cut, removed and converted to its own use therefrom large quantities of timber of a value greatly in excess of the amount paid by complainant for said certificates, and in excess of the face value thereof, including interest and costs, thereby destroying and impairing these respondents' lien to the extent of the value of said timber, so removed, as aforesaid.

"5.  That the complainant, by the commission of the acts

of trespass and conversion hereinbefore alleged have already received from said lands timber of sufficient value to reimburse them for all outlays, in the purchase of said certificates, and have thereby deprived these respondents of the value of their security to the amount of the excess over and above such outlay.

"WHEREFORE, these respondents say that the complainant is not entitled to and should not be granted the relief prayed for or any relief herein, but that if any relief is granted to complainant, these respondents are entitled to and should be granted relief by way of reimbursement from the complainant for the amount which the value of the timber cut and removed from said lands exceeds the amount actually expended by the complainant in the purchase and/or redemption of the certificate sought to be foreclosed and for subsequent and omitted taxes paid by complainant in connection with such purchaser and/or redemption. The premises considered, these respondents pray that the bill herein be dismissed and they be hence discharged with their costs in this behalf sustained, but if this prayer be denied, that an accounting may be had and taken under and by the direction of this court to ascertain the value of timber so cut and removed from said lands by the complainant, and of other waste and damages connected upon and against said lands by complainants, and that in the event the same exceed the expenditure by the complainant for the purchase of said certificates and the payment of subsequent and omitted taxes upon said lands, such excess be decreed to be paid by the complainant into the registry of the court to be disposed of as the court may hereafter in this or some other proceeding determine, and that in the event there is no such excess, that such amount as shall be ascertained to be the value of such timber, waste and damage, be deducted from

complainant's lien and said certificates be foreclosed only for the balance."

The complainant moved:

"To strike paragraph 3 of the answer of the defendants, Albert J. O'Neal and Lester C. O'Neal, and severally as to each of said defendants, because:

"(a)   It tenders an immaterial issue.

"(b)   The fact, if it is a fact, that the defendants are the holders of judgment liens, gives no right to prevent the foreclosure of the tax rights asserted by the plaintiff.

"(c)   That the acts asserted in other parts of the answer do not operate to make the respective judgments of the defendants of superior and prior dignity to the tax liens asserted in the bill of complaint.

"(d)   That the acts and conduct of the plaintiff elsewhere asserted in the answer were not such as to be of equitable cognizance or such as arose out of the transaction which is the subject matter of the suit, nor such as would deprive the plaintiff of the right of trial by jury.

"(e)   That neither the matters asserted directly in said paragraph 3, nor the matters asserted by reference, afford any defense to the suit, nor any valid counter claim against the same.

"The plaintiff also moves to strike severally paragraphs 4 and 5 of the answer of the said defendants' and moves the court to dismiss the counter claim of the said defendants predicated thereon, because:

"(a)   The counter claim attempted to be asserted by the said paragraphs and each of them is not one of equitable cognizance.

"(b)   That the counter claim attempted to be asserted by said paragraphs and each of them if of equitable cognizance do not arise out of the transaction which is the subject matter of the suit.

"(c)   That the counter claim attempted to be asserted by the said paragraphs and each of them is a counter claim of matter actionable at law, if at all, and not of equitable cognizance.

"(d)  That the counter claim attempted to be asserted by the said paragraphs is a counter claim of tort, actionable at law if at all, which cannot be asserted in a court of equity against the plaintiff, and said paragraphs assert and involve matters and attempted defenses upon which the plaintiff is entitled to the right of trial by jury, which right it does not waive but here asserts.

"(e)   That the lien of the judgments of the respective defendants O'Neal are not matters of equitable cognizance by way of counter claim or otherwise against the rights asserted in the bill of complaint.

"(f)   That the matters asserted are not such as to avoid any grounds for an independent suit in equity, and are, therefore, not proper matters of counter claim in this action.

"Subject to the foregoing matters, the plaintiff moves the court for decree in its behalf on the bill and answer of the said defendants, Albert J. O'Neal and Lester C. O'Neal."

It was decreed:

"1.   That the motion to strike paragraph 3 of the said answer be and it is hereby sustained and the. said paragraph stricken.

"2.   That the motion severally to strike paragraphs 4 and 5 of the said answer be and the same is hereby denied, the court being of opinion that said paragraphs allege proper defensive matter but not a proper counter claim.

"3.   That the motion to dismiss the counter claim of the said defendants predicated on the matter set up in paragraphs 4 and 5 of their answer is granted and the counter claim dismissed, leaving said paragraphs 4 and 5 standing

as defensive matter; and the motion for decree on bill and answer is denied."

Complainant appealed and assigned as errors: (1) denying motion to strike paragraphs 4 and 5 of the answer; (2) holding paragraphs 4 and 5 of the answer to set up proper defensive matter; (3) denying motion for a decree for complainant on bill and answer.

The purchaser of tax sale certificates issued for the non-payment of State and county taxes may enforce the lien of such certificates; but such purchaser, as the first lien holder, has no right to impair the value of the property covered by the tax sale certificates; and if the owner does not conserve the property from injury by trespass or otherwise, so as to protect lien holders, they may have appropriate remedy to preserve or conserve their interest in the subject matter of the liens, as against wrongful acts even of first or other lien holders.

This is all the answering defendants seek by means of an accounting and a proper application of the value of timber unlawfully taken from the land by the complainant, to the end that complainant may receive amounts due it in the foreclosure proceedings and that the remainder, if any, may be applied to other lien holders. The complainant invokes the aid of equitable processes to enforce its tax liens, and it must do equity as to matters that are connected with, and directly affect the liens which the complainant seeks to subordinate to its first lien. Complainant had no absolute right to acquire title to the property and had no more right to impair the value of the lands constituting the subject upon which all the liens exist, than had other lien holders; and if complainant has taken timber from the land, the value of such timber should in equity be credited on the amount due on the complainant's lien. The answering defendants were made parties to assert their rights and such rights relate to

the subject matter of this suit. If complainant had an independent or superior right to take timber from the land it could have been made to appear. On the whole record, the assignments of error are not well taken. See Uhl v. Small, 54 Kansas 651, 39 Pac. 178.

If in further proceedings in the cause it is desirable and proper to amend or modify the pleadings, the Chancellor has ample authority in the premises.

Affirmed.

BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.

### ON PETITION FOR REHEARING

PER CURIAM.—The effect of our statutes prohibiting the cutting and using of timber on land sold for taxes is to make such cutting and use *waste*. Sections 7397 C. G. L., 5278 R. G. S., 7399 C. G. L., 5280 R. G. S. Ordinarily a court of equity will interfere only to stay further waste. Brown v. Martin, 137 Ga. 338, 73 S. E. Rep. 495, 39 L. R. A. (N. S.) 16. But to prevent a multiplicity of suits, equity will give an injured party satisfaction for waste that has already been done, and save the party from the necessity of resorting to trover at law, where equity already has jurisdiction of the *rem,* and is about to dispose of it by a decree foreclosing a tax lien against it in a proceeding *quasi in rem,* thereby rendering the remedy at law inadequate. McCord v. Oakland Quicksilver Min. Co., 64 Cal. 134, 27 Pac. Rep. 863, 49 Am. Rep. 686; Rupel v. Ohio Oil Co., 176 Ind. 4, 95 N. E. Rep. 225, Ann. Cas. 1913E 836 and Note 9 Eng. Rul. Cases 492.

Rehearing denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.