WINN & LOVETT GROCERY COMPANY; *et al.,* v. SAFFOLD BROTHERS PRODUCE CO.

164 So. 681.
Opinion Filed December 3, 1935.
Rehearing Denied January 6, 1936.

834

*Kay, Adams, Ragland & Kurz* and *T. Paine Kelly*, for Appellants;

*Hampton, Bull & Crom,* and *C. C. Andrews & Son,* for Appellee.

PER CURIAM.—Saffold Brothers Produce Co., on April 11, 1931, obtained judgment in the Circuit Court in Hillsborough County against Bailey Produce Co. for $15,273.15.

The execution which was issued on that judgment in Orange and Hillsborough Counties was returned *nulla bona.*

The creditor's bill of Saffold Brothers Produce Co. filed in Hillsborough County, was dismissed without prejudice and the decree affirmed on appeal. See Saffold Brothers Produce Co. v. Winn & Lovett Grocery Co., 111 Fla. 60, 149 So. 1.

Saffold Brothers Produce Co. brought its amended creditor's bill in Orange County against Winn & Lovett Grocery Co., the Seminole Grocery Co., and the Bailey Produce Co., all Florida corporations, praying that the transfers of property described in the bill be declared null and void as against the lien of complainant's judgment; that the value

of the property at the time of its transfer and conversion be ascertained by an accounting; that if any substantial portion of the property can be discovered in the hands of any of defendants that it be decreed subject to the lien of complainant's judgment; that if any of said property be not recovered in kind, that the defendant or defendants fraudulently appropriating it be decreed to pay the value thereof on complainant's judgment; that complainant may have a decree for the return of such other property found to have been wrongfully taken by defendants from Bailey Produce Co., and that a decree be given for the balance due thereon after applying the proceeds of the sale of property fraudulently transferred.

The bill was framed on the theory that W. R. Lovett "while thus representing the interests of the Winn & Lovett Grocery Co., and the Seminole Grocery Co., also secretly controlled and directed the financial operations of the defendant, Bailey Produce Co.," and while occupying this confidential status, caused Bailey Produce Co. to make a bill of sale to Winn & Lovett Grocery Co. of its 11 trucks and cars, and a chattel mortgage to the Seminole Grocery Co. on all its equipment; and in November, 1930, caused the removal of all this property, secretly conveyed, from the place of business of the Bailey Produce Co. in Orlando, Florida, to other places, thus impairing the rights of Saffold Brothers Produce Co., a creditor of Bailey Produce Co.

Testimony was taken before Special Master, Campbell Thornal.

After final hearing of the Master's Report of the evidence, and the briefs and arguments of counsel, the Chancellor found that the conveyances complained of were executed by Bailey Produce Co. to Winn & Lovett Grocery

Co. and to Seminole Grocery Co. at the instance of grantees, secretly and fraudulently, to place the assets beyond the reach of complainant; that the property so removed has either been sold, dissipated, so mingled with defendants' property or so damaged that it is impracticable if not impossible to reach the same by process; that complainant's judgment at law on which execution issued was returned by the Sheriff of Orange County *nulla bona,* and complainant has taken such other steps as are available at law and in equity to protect its legal rights; that under the bill and within the scope left open by the former decree of the Circuit Court of Hillsborough County, Bailey Produce Co. cannot be decreed to be a corporate fiction and Winn & Lovett Grocery Co. the primary debtor; but that where a grantee instigates a fraudulent transfer to him or it of a debtor's assets to the damage of a creditor who had relied upon the debtor's ownership of its visible assets, and thereafter carried away and sold, and disposed of or so mingled or so damaged said property that it was impracticable or impossible to reach or identify it, a court of equity may enter a personal decree against such grantee for the value of the property at the time such grantee took physical possession thereof.

The court found the value of the property so taken, as of the date of taking physical possession thereof by Winn & Lovett Grocery Co., less depreciation, to be:

Trucks and automobiles less reasonable depreciation to November 1, 1930............................$4,843.75

Refrigerating machinery less reasonable depreciation............................ 2,000.00

Garage equipment and tools less reasonable depreciation............................ 171.00

Furniture and fixtures less reasonable depreci-
ation................................................................................ 427.00
Produce on hand at the time of taking posses-
sion.................................................................................. 75.00

$7,516.75

Final decree was entered in favor of complainant against defendants for this amount together with interest thereon amounting to $1,394.62, and costs of $178.45.

From this final decree, defendants took an appeal.

After a careful study of the record and the briefs in the case, we are of the opinion that counsel for appellants have failed to make it appear wherein the Chancellor committed harmful error either in his findings of fact or in the valuations placed upon the several kinds of property wrongfully· taken by Winn & Lovett Grocery Co. and Seminole Grocery Co. from the Bailey Produce Co.

There is ample evidence to support each item of damages allowed by the Chancellor; and the Supreme Court cannot substitute its judgment for that of the Chancellor when the evidence does not clearly disclose error in the Chancellor's findings and conclusions. Saffold Bros. Produce Co. v. Winn & Lovett Grocery Co., *supra.*

For the purpose of avoiding more than one suit, and in order to settle all rights of the litigants in the same decree, a court of equity, once having assumed jurisdiction of a cause, will retain such jurisdiction until all matters involved in the litigation between the parties have been finally disposed of. Russell v. Clark, 7 Cranch 69, 3 L. Ed. 271; Hepburn v. Dunlop, 1 Wheat. 179, 4 L. Ed. 65, even though required to grant a legal remedy. Miller v. Louisville & N. Ry. Co., 83 Ala. 274, 4 So. 842, 3 A. S. R. 722; Allen v. Elder, 76 Ga. 674, 2 A. S. R. 63; Keystone Lumber Yard

v. Yazoo, etc., R. Co., 96 Miss. 116, 50 So. 445, Ann. Cas. 1912A 801. See also in this connection W. B. Harberson Lumber Co. v. Geneva Mill Co., 116 Fla. 342, 156 So. 710; Burke v. Security Finance Co., 108 Fla. 570, 146 So. 669, 147 So. 270, and Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 So. 473.

A court of equity may when necessary to do complete justice between the parties ascertain and award damages as incidental to the main relief sought. See Taylor v. Florida East Coast R. Co., 54 Fla. 635, 45 So. 574, 127 A. S. R. 155, 14 Ann. Cas. 472, 16 L. R. A. (N. S.) 307; and W. B. Harberson Lumber Co. v. Geneva Mill Co., 116 Fla. 342, 156 So. 710.

Where a cause within the jurisdiction of a court of equity is begun in good faith, and it thereafter appears that by reason of the acts of the defendant that the equitable remedy that is due to complainant is impossible to be carried out, the court may decree money compensation in lieu of such other remedy. See Hall v. Delplaine, 5 Wis. 206, 68 Am. Dec. 57; Chipewa Bridge Co. v. Durand, 122 Wis. 85, 99 N. W. 603, 106 A. S. R. 931; McMillan v. Barber Asphalt Paving Co., 151 Wis. 48, 138 N. W. 94, Ann. Cas. 1914B 353.

A court of equity has jurisdiction to render a personal decree for the payment of money, Billups v. Gilbert, 195 Ala. 518, 70 So. 145; and it has a broad discretion in forming decrees to adapt the relief to the circumstances of the particular case. Nichols v. Bodenwein, 107 Fla. 25, 146 So. 86. See also Burke v. Security Finance Co., 108 Fla. 570, 146 So. 669, 147 So. 270, where this Court approved entry of a money decree by a court of equity.

The decree of the Chancellor below was proper in that it afforded complainant the only remedy available to it under

the circumstances of this case, and the decree should be and is affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.