97 So.2d 132 (1957)
Julia MILLER and Renick V. Smith, Appellants,
v.
Castner ROLFE, Appellee.
No. A-16.
District Court of Appeal of Florida. First District.
October 1, 1957.
*133 Massfeller & Stewart and Cobb & Cole, Daytona Beach, for appellants.
Millard B. Conklin, Daytona Beach, for appellee.
WIGGINTON, Judge.
Appellee as plaintiff vendor brought suit against appellants as defendant vendees for specific performance of a contract of purchase and sale of real property. On final hearing the Chancellor entered his decree awarding appellee certain money damages as a result of appellants' breach of contract. It is from that decree this appeal is taken.
There is no dispute as to the material facts which must control the final disposition of the cause. Appellee Rolfe owned a house in Daytona Beach which he listed with a broker for sale. Appellant Miller, her husband, and Smith entered into a valid and binding contract of purchase and sale with appellee on March 23, 1954. It was agreed that a portion of the purchase price was to be paid by the conveyance to Rolfe of another house owned by appellant Smith, and a closing date was set. An abstract of title was furnished by Rolfe in accordance with the requirements of the contract. No question concerning the marketability of title to the property was raised by appellants prior to the date this action was begun. Appellants failed to appear on the date set for closing, and after formal written demand, continued to fail and refuse to make the payment agreed upon and necessary to close the transaction. Upon becoming satisfied that the vendees had no intention of performing their obligations under the contract, appellee Rolfe instituted suit against them on April 28, 1954, for specific performance.
*134 In addition to the foregoing facts Rolfe alleged himself to be continually ready, willing and able to perform. Separate paragraphs of Rolfe's prayer for relief requested the entry of a decree ordering and directing specific performance by appellants, or alternatively, a judgment for such damages as justice and equity demand.
During the pendency of this litigation in the lower court, and before any testimony was taken, Rolfe sold the property which formed the subject matter of the contract to a third person not a party to this cause. The fact of this sale was not revealed to appellants until December 16, 1954, during the taking of testimony before the special master. Appellants thereupon amended their answer to the complaint, alleging as an additional defense that Rolfe had sold the property pendente lite thereby rendering specific performance impossible. On final hearing appellants urged that the complaint be dismissed for lack of jurisdiction inasmuch as the voluntary sale of Rolfe's property divested the court of power to grant any equitable relief to the plaintiff. Appellants further contended that if the only relief available to Rolfe was for breach of contract, they were entitled to a jury trial on the issue of damages in a court of law.
The Chancellor found that Rolfe had at all times remained in a position to perform the contract in question after default by appellants, through the date suit was instituted, and until the date on which he sold the property. Upon this finding the Chancellor concluded that the sale of the property by Rolfe to a third party during the pendency of the cause was immaterial as a matter of law. It was further found from the evidence that Rolfe had suffered damages in the sum of $1,608 as a result of appellants' breach of contract, and that amount, plus costs, was awarded.
Appellants have here assigned three errors allegedly committed by the Chancellor, only one of which we find necessary to consider, viz.: that the Chancellor erred in refusing to dismiss the cause for lack of jurisdiction when plaintiff by his own voluntary act precluded the granting of any equitable relief under the allegations set forth in the complaint, thereby depriving appellants of their right to a trial by jury on the issue of damages in a court of law. Appellee cross-assigned error and urges reversal on the ground that the Chancellor erroneously disallowed certain items of damages flowing from appellants' breach of contract.
It is fundamental that a breach of contract gives rise to alternative remedies: (1) the injured party may elect to sue in an action at law for damages suffered as a result of the breach; or (2) he may elect to sue in equity to compel specific performance of the terms of the contract, and as an incident to granting such equitable relief the court may award such damages as the injured party may have suffered by reason of the defendant's failure to perform.[1] In the instant case the injured party, the vendor-appellee, elected to pursue the latter alternative and filed his complaint in equity for specific performance.
It is settled law that, having once acquired jurisdiction of a cause, equity will retain jurisdiction to grant complete relief and dispose of all matters in dispute.[2] Furthermore, when necessary to assure complete justice between parties, an equity court may ascertain and award damages incidental to the main relief sought.[3] And, when a cause of action within the jurisdiction of an equity court is commenced in good faith and thereafter, because of the acts of the defendant, it becomes impossible for the court to grant the equitable relief *135 due the plaintiff the court may decree money compensation in lieu of such other remedy.[4] It is equally settled that in a suit for specific performance equity cannot award damages for non-performance of a contract when the primary relief of specific performance cannot be decreed due either to the fault of the plaintiff, or to plaintiff's failure to prove his right to the equitable relief sought.[5]
We turn now to an examination of the record to determine whether appellee Rolfe proved his right to the equitable relief sought. An element essential to a successful suit for specific performance is the allegation and proof that plaintiff has been at all times in a position to comply fully with the terms and conditions of the contract on which he seeks to compel specific performance.[6] In attempting to meet this requirement appellee Rolfe alleged in Paragraph X of his complaint that since the date of its execution he has, and will continue to hold himself in readiness to fully comply with all of the terms and conditions on his part to be performed under the contract. When submitting proof in support of the allegations in his complaint, Rolfe testified that on a date subsequent to the institution of the suit, but before any testimony was adduced, he sold the property in question to a disinterested third party. Thus, by his own testimony appellee disproved one of the essential allegations of his complaint and precluded a decree granting the equitable relief sought. Therefore, in the absence of grounds upon which equitable relief could be founded, the Chancellor was without jurisdiction to award incidental damages. This case falls squarely within the above stated rule that plaintiff's failure to prove his right to equity divests the equity court of jurisdiction to award incidental damages.
Appellee's remedy therefore is limited to a claim for damages, if any he suffered, in an action at law for appellants' breach of contract. We are not here dealing with a mere technicality. Throughout the annals of our jurisprudence the right to trial by jury in actions cognizable at law, as guaranteed by the clear mandate of our Constitution, has remained sacred and inviolate, and although it may be waived by consent of the parties, it can neither be disregarded nor withheld by the court over the objection of a party vested with such right. On the issue of damages, appellants were entitled as of right to a jury trial in a court of law and, in the absence of a waiver thereof, they could not be deprived of that right.
On this state of the record the Chancellor properly could and should have on his own initiative or on motion of either party, entered an order transferring this cause to the law side of the court for jury trial.[7]
Having thus decided the question raised by appellant the error assigned by appellee concerning the Chancellor's failure to allow certain items of damages becomes moot.
It is, therefore, the judgment of this court that the decree appealed from be and the same is hereby reversed, and the cause remanded for further proceedings consistent with the views herein expressed.
STURGIS, C.J., and TAYLOR, Associate Justice, concur.
NOTES
[1] Clements v. Leonard, Fla. 1954, 70 So.2d 840.
[2] Winn & Lovett Grocery Co. v. Saffold Bros. Produce Co., 121 Fla. 833, 164 So. 681.
[3] Supra Note 2; See also Taylor v. Florida East Coast Ry. Co., 54 Fla. 635, 45 So. 574, 16 L.R.A.,N.S., 307; W.B. Harbeson Lbr. Co. v. Geneva Mill Co., 116 Fla. 342, 156 So. 710.
[4] Supra Note 2.
[5] Lewis v. Yale, 4 Fla. 418, 437; Gentry-Futch Co. v. Gentry, 90 Fla. 595, 106 So. 473; Dowell v. Mitchell, 105 U.S. 430, 26 L.Ed. 1142.
[6] Smith v. Kallio, 94 Fla. 895, 114 So. 666.
[7] Rule 1.39, 1954 R.C.P. 30 F.S.A. Frierson v. Frierson, 110 Fla. 416, 149 So. 18.