HORTON, Judge.
This appeal is from a final decree requiring the appellants to specifically perform a written contract for the sale of certain real property, and awarding damages in the sum of $250.
The main point of controversy between the parties in the court below was the removal of a fence on the real property involved. The contract provided for surrender of possession on or before thirty days.
The court below by its decree found and adjudicated that the appellee was entitled to specific performance and that by reason of the appellants’ failure to have the fence removed, decreed damages in favor of the appellee in the sum of $250, the same to be deducted from the cash portion of the purchase price to be paid by the appellee. The appellants’ contentions are two-fold, namely, (1) that the appellee was estopped to plead as her excuse for nonperformance of the contract the appellants’ failure to remove the fence, and (2) that the alleged agreement to remove the fence was a collateral oral representation made by the real estate broker to the appellee and *737 was therefore not binding on the appellants. Since both of these questions were covered by the issues made in the pleadings and were adjudicated by the court upon conflicting testimony and evidence, we are reluctant to disturb the chancellor’s decree and substitute our judgment in place of his.
Inasmuch as the appellants, under the chancellor’s findings, were unable to fully perform the contract by delivering the property without the fence thereon, he was justified in decreeing damages as an incident to the award of specific performance. See Miller v. Rolfe, Fla.App. 1957, 97 So.2d 132, page 134, and 49 Am. Jur., Specific Performance, Sec. 174, pages 198-99.
Accordingly, the decree appealed from is affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.