PER CURIAM.
The defendants appeal a final decree which granted no equitable relief but entered a money judgment for the plaintiff and against the appellants. It is first contended that the chancellor should have dismissed the complaint because a clear and adequate remedy existed at law. If this situation existed, the appellants should have moved for an order to transfer the action pursuant to Rule 1.39(a) Florida Rules of Civil Procedure,[1] 30 F.S.A. Staiger v. Greb, Fla.App.1957, 97 So.2d 494. Such a motion may be more effectively presented after the real nature of the cause of action has been made to appear by discovery or otherwise. Cf., Commercial Engineering and Contracting Co. v. Beals, Fla.App.1958, 99 So.2d 882.
The main thrust of this appeal is that there was no jurisdiction in the equity court to proceed at the time of trial because at that time the only relief possible was a money judgment. It is apparent on this record that the chancellor found that the plaintiff, appellee, was entitled to equitable relief at the time of the filing of the complaint but that because of the lapse of time such relief was not judicially expedient at the time of the final decree.
In Winn & Lovett Grocery Co. v. Saffold Bros. Produce Co., 121 Fla. 833, 164 So. 681, 683, the Supreme Court of Florida sustained the final decree of the chancellor who granted damages but no equitable relief:
“A court of equity may, when necessary to do complete justice between the parties, ascertain and award damages *466 as incidental to the main relief sought. See Taylor v. Florida East Coast R. Co., 54 Fla. 635, 45 So. 574, 16 L.R.A.(N.S.) 307, 127 Am.St.Rep. 155, 14 Ann.Cas. 472; and W. B. Harbeson Lumber Co. v. Geneva Mill Co., 116 Fla. 342, 156 So. 710.
“Where a cause within the jurisdiction of a court of equity is begun in good faith, and it thereafter appears that, by reason of the acts of the defendant, the equitable remedy that is due to complainant is impossible to be carried out, the court may decree money compensation in lieu of such other remedy.”
On authority of the rule quoted we hold that no error has been shown under this point.
Appellants’ other points directed to the proof of damages and procedural errors have been examined and found not to present reversible error.
Affirmed.

. “RULE 1.39. TRANSFERS OF ACTIONS ERRONEOUSLY BEGUN.
“(a) Transfers of Actions. If at anytime it appears that an action lias been commenced either in equity or at law when it should have been brought on the opposite side of the court it shall be forthwith transferred to the proper side and proceeded with without interruption. In such case the court, without notice, may enter an order noting that the case was brought on the wrong side of the court and further ordering the clerk to docket the case on the proper side. The case shall proceed thereafter as though it were originally instituted on the proper side of the court and no further amendments shall be necessary to change phraseology in the pleadings so far as this error is concerned. The case shall proceed as though originally instituted on the proper side of the *court.”