DOWNEY, Judge.
Herbert Menzel, appellee, owned and operated a business known as Vinyl Repair Service. In June of 1975 appellee entered into an agreement with appellant for sale of the business. In said agreement appellee contracted to sell Vinyl Repair Service for the sum of $25,000; $10,000 to be paid outright with the remaining $15,000 secured by a purchase money note and mortgage. During the negotiations for the purchase of the business, appellee represented to the appellant that he possessed distributorship rights to certain products and supplies used in the vinyl repair business. While the rights to the distributorship were not included in the sale of the business, the contract for sale contained a provision whereby the appellant would be given the right of first refusal in the event the distributorship rights were to be sold, mortgaged or otherwise disposed of. In July of 1976 the appellant, then operating under the name of Vinyl Repair Service, Inc., notified appellee of its intention to rescind the contract. Thereupon appellant sued appellee in two counts seeking rescission and/or damages for fraud and misrepresentation in the sale of a business.
Appellant’s complaint alleged that, in negotiating the purchase of appellee’s business, appellee represented to appellant that “he was a distributor for most if not all of the supplies used in the business being sold and had the legal rights to purchase said supplies at a discount from the manufacturer”. Appellee is also charged with representing that the distributorship “had value as a vested legal right”. The complaint further alleges that the agreement entered into between the parties provided appellant should have first refusal rights in the event *1056 appellee sold or otherwise disposed of the distributorship. As stated in the complaint, these representations relative to the distributorship were false, known by appellee to be false, and made in order to induce appellant to purchase his business. Furthermore, appellant relied upon those representations and was induced thereby to purchase the business. The appellee denied the allegations of the complaint and alleged affirmatively that he had offered to sell the distributorship to appellant, but it had refused the offer. Appellee also counterclaimed for an accounting of the amount due on the note and for sale of the property described in the chattel mortgage.
At trial the appellant’s corporate officers who negotiated with appellee for the sale of the business testified to the representations which were made by appellee. They stated, at some length, that appellee had told them he owned an exclusive distributorship for certain materials used in the vinyl repair business and would permit appellant to purchase its materials and supplies at a discount. In addition, appellee indicated that the distributorship was authorized to sell service and materials in various areas throughout the United States. Furthermore, appellee told them the distributorship earned from $1000 to $2000 per month. Finally, they agreed that, if he disposed of the distributorship, appellant would have first refusal. Appellant’s witnesses further testified and the proof otherwise showed that the so-called distributorship was more imaginary than real. It was not exclusive and could not be sold as a property right. Appellee did have an ongoing relationship with a supplier of vinyl repair products which was referred to as a distributorship, but it had little value.
The trial court found the allegations of the complaint relative to fraud and misrepresentation were proven and that appellant was entitled to rescission of the sale but for the fact that appellee could not be returned to a status quo position. Therefore, the judgment granted appellant no relief except to refuse any penalty against appellant for failure to make further payments on the note and mortgage owed to appellee. The judgment, however, upheld the validity of the note and mortgage.
Appellant contends the trial court erred in not granting any relief by way of rescission, damages or cancellation of the note and mortgage held by appellee Menzel. Appellee cross appeals, assigning as error the finding that appellant had proven fraud and misrepresentation by Menzel in the sale of the business.
We feel there is adequate evidence in the record to support the trial judge’s finding of fraud and misrepresentation. Given that finding, however, we are of the view that appellant was entitled to some affirmative relief, assuming appellant was injured by the misrepresentation. We assume the trial court found appellant had been injured because rescission would have been granted if a return to the status quo could have been accomplished. However, since rescission was not available, the appellant was entitled to a award of damages either by way of a judgment therefor against appellee or appellant was entitled to a set-off against the note and mortgage for the amount of damages sustained as a result of appellee’s tortious conduct. Winn & Lovett Grocery Co. v. Saffold Brothers Produce Co., 121 Fla. 833, 164 So. 681 (Fla.1935).
Accordingly, the judgment appealed from is reversed and remanded with directions to determine the extent of appellant’s damages, if any, and enter judgment against appellee for said amount, or in the alternative allow appellant a set-off therefor against the note and mortgage held by ap-pellee.
REVERSED AND REMANDED with directions.
LETTS, C. J., and BERANEK, J., concur.