SPECTOR, Chief Judge.
Petitioner seeks review of a final order of the respondent Florida Real Estate Commission revoking his registration as a real estate broker. Said order was based upon the ground for revocation as stated in Section 475.25(2), Florida Statutes, F. S.A., the pertinent provisions of which state:
“(2) The registration of a registrant shall be revoked * * * if the registrant has become a nonresident of the state * *
Petitioner raises two grounds for reversal. By the first point, it is contended that for the purposes of the statute he is a resident of Florida, and therefore the basis for revocation relied upon by the respondent agency does not exist. The second point assails the constitutionality of the above cited portion of Section 475.25(2), Florida Statutes, F.S.A., as a valid ground for revocation of his broker’s license. The stipulated facts underlying this controversy follow.
Mr. Hall was a registered and active real estate broker in Florida for more than five years prior to the filing of the infor *224 mation against him by the respondent seeking revocation of his license. Shortly prior thereto, petitioner established his permanent domicile, permanent residence and place of abode in Georgia. Notwithstanding the establishment of his residency in Georgia, petitioner contends that he has established what he terms to be a secondary residence in Florida due to his many and close contacts with the State. He is a member in good standing of the Florida Bar; he holds general contractor’s licenses in various localities in Florida; he “dwells” in Florida for various periods of time, transacting his business; he owns real property in Florida; he frequently participates in real estate transactions in the State and is therefore familiar with the current Florida real estate market; and he maintains an active trust account for his brokerage business in a Gainesville bank.
In support of his argument that he possesses something in the nature of a secondary residency in the State of Florida so as to preclude operation of the subject statute of revocation in his case, petitioner seeks to distinguish the residency requirement made a prerequisite to initial licen-sure found in Section 475.17(1), Florida Statutes, F.S.A., from the “nonresident” status contemplated by the revocation section. We fail to find the distinction between these two terms that is opted for by petitioner. The claim that he is “domiciled in Georgia” but has not relinquished residency in Florida is not borne out by the facts contained in the stipulation. Accordingly, petitioner’s argument that the grounds for invoking the revocation statute do not exist because he is not a “nonresident” is without merit.
We now pass to the consideration of the remaining question upon which petitioner relies.
The constitutional challenge against the statute made by petitioner has not been considered by a court as yet although the issue was properly preserved before the respondent administrative agency. Thus, this proceeding is the first opportunity in which a court within the judicial department of the State directly passes upon the validity of the state statute forming the basis for petitioner’s license revocation. Accordingly, we have jurisdiction to consider the constitutional claim. See State v. Furen, 118 So.2d 6 (Fla.1960), and Florida Real Estate Commission v. Harris, 134 So. 2d 785 (Fla.1961).
Petitioner’s claim that the nonresidency ground for revocation of his broker’s license is invalid rests primarily upon the privileges and immunities clause of Article IV, Section 2 of the United States Constitution and the related provision found in Section 1 of the Fourteenth Amendment thereof. The former provides that:
“The Citizens of each State shall be entitled to all Privileges and Immunities for Citizens in the several States.”
The latter provides:
“ * * * state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; * *
Petitioner’s claim of invalidity of the statute rests on his contention that its effect is to give preferential treatment to citizens of this State while chilling a citizen’s right to travel and move about under the threat of revocation of his license and his right to earn a livelihood. The revocation of a broker’s license when he becomes a nonresident, petitioner argues, is neither necessary nor a reasonable exercise of the police powers of the State. No cases have been brought to our attention which deal with the validity of the revocation of a professional or occupational license because the licensee has become a nonresident after he had been duly licensed by the State nor has our research revealed such a case. We do know, of course, that a person properly licensed to practice law in Florida may leave Florida and establish his residence in a sister state yet continue as a member of the Florida Bar and continue to *225 enjoy the right to practice law in Florida. Indeed, cursory perusal of the Florida Bar Journal’s directory issue published annually, of which we take judicial notice, shows that residents of some 48 states, 4 territories and 17 foreign countries are members of the Florida Bar and therefore entitled to practice law in this State. Nonetheless, the Legislature, in the exercise of what has been referred to from time to time as its infinite wisdom, has seen fit to make nonresidency or termination of one’s residence in Florida a ground for revoking a broker’s license.
Petitioner argues his ability to serve the public and engage in his lawful occupation as a real estate broker is not diminished by the fact that he has become a resident of another state. There is no contention by the respondent board that petitioner lacks any degree of competence or familiarity with the Florida Real Estate market. In effect, petitioner’s argument continues, the operation of the revocation statute has a freezing effect on his constitutional right to travel and the statute prevents a Florida licensed real estate broker from emigrating to surrounding states and continuing his work in Florida.
The principal case advanced by petitioner in support of his argument is Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). In that case, the United States Supreme Court held that a statute which imposes a one-year waiting period requirement before a citizen is qualified to receive welfare benefits from a state is in violation of the equal protection clause of the Fourteenth Amendment by establishing a classification of welfare applicants which impinges upon their constitutional right to travel freely from state to state, absent a compelling state interest. Other recent cases are cited by petitioner which were rendered by United States district courts striking down residency requirements as a prerequisite to the exercise of one’s voting rights. Also cited is Keenan v. North Carolina Board of Bar Examiners, 317 F.Supp. 1350 (E.D.N.C.1970), holding that the right to travel and due process invalidated a one-year residency requirement with respect to membership in the Bar of that state. In so holding, the court stated that the residency requirement was a fiction which had no reasonable and legitimate basis. All of these cases contain compelling arguments in favor of petitioner. This is particularly so since, coincidentally, the petitioner-broker also happens to be an attorney and member of the Florida Bar who has continued to enjoy the benefits of the latter status even though he is no longer a resident of Florida.
Necessarily, a resolution of the issue raised by petitioner’s plight is dependent upon whether there exists a compelling state interest justifying the continuous residency requirement provided by Section 470.25(2), Florida Statutes, F.S.A. In Shapiro, supra, the court recognized and stated that it did not express any view as to the validity of residence requirements pertaining to the obtaining of license to practice regulated professions. This point is clearly made in footnote 21 of the decision found at 394 U.S. 638, 89 S.Ct. at 1333 as follows:
“21. We imply no view of the validity of waiting-period or residence requirements determining eligibility to vote, eligibility for tuition-free education, to obtain a license to practice a profession, to hunt or fish, and so forth. Such requirements may promote compelling state interests on the one hand, or, on the other, may not be penalties upon the exercise of the constitutional right of interstate travel.”
In an early case, Holland v. Florida Real Estate Commission, 130 Fla. 590, 178 So. 121, our Supreme Court during the course of a decision reviewing the revocation of a real estate broker’s license by the respondent commission addressed itself generally to the fiduciary relationship existing between a broker and his customer as it relates to the purpose of regulating persons *226 engaged in the real estate business and stated the following at 122-123 :
“The statute attempts to accomplish the result stated ['stabilizing real estate transactions and protecting public loss through unscrupulous practices] by permitting only those who possess certain special qualifications of aptitude, ability, and integrity to engage in the business of real estate broker.
“In his fiduciary relationship to his customer, the broker invites, and uspally receives, a high degree of confidence and trust, in the bestowal of which it is competent for the state to protect the customer by reasonable regulations upon the broker. Quinn v. Phipps, 93 Fla. 805, 113 So. 419, 54 A.L.R. 1173. It is appropriate and lawful, therefore, that adequate, but reasonable, special qualifications, including that of residence in Florida and consequent continued amenability to the process of our courts, be exacted of those who would engage in that business. See 12 C.J. 1120. The reasons for the qualification of residence are manifold, sound, and under the circumstances are lawful, in view of the experiences of the recent past in Florida when many disingenious practices and impositions were perpetrated by unscrupulous dealers, mostly of nebulous or transitory residence, upon credulous and unwary purchasers.”
While petitioner’s argument that the continued residence requirement bears no reasonable relationship to the interests sought to be protected by the statute is persuasive, it is our view that our Supreme Court has held, by the above cited excerpt from the Holland case, that the continued residency requirement is in fact reasonable because a resident licensed broker is continuously amenable to the process of our courts so that those with whom he deals would have an avenue through which they may obtain redress against improper conduct by a broker. Such seems to have been the view of the Supreme Court when it decided the Holland case in 1938. Thus, we feel bound by the language found in the Holland decision which seems to approve the requirement of continuous residency as a prerequisite to continued license as a real estate broker.
However, considerable time has passed since that decision, together with a change in the attendant circumstances surrounding the practice of the subject profession which may warrant our Supreme Court reconsidering the reasonableness of the continuous residency requirement, particularly in view of the expanded impact of our modern-day, long-arm statutes whereunder redress may be had in local courts against nonresidents conducting business in Florida. Accordingly, this decision is certified as one passing upon a question of great public interest so that petitioner may seek further review in the Supreme Court should he so desire.
Accordingly, the petition for writ of cer-tiorari is denied and the order revoking petitioner’s license is affirmed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.