266 So.2d 33 (1972)
Allan J. HALL, Petitioner,
v.
Jack KING and Florida Real Estate Commission, Respondents.
No. 41858.
Supreme Court of Florida.
July 5, 1972.
Rehearing Denied September 20, 1972.
Andrew C. Hall and Allan J. Hall, for petitioner.
Frank A. Wilkinson, Winter Park, for respondents.
PER CURIAM.
We have for review by petition for writ of certiorari a decision of the District Court of Appeal, First District. Hall v. King, Fla.App. 1971, 254 So.2d 223.
Petitioner Allan J. Hall, a former Florida resident, is a member of The Florida Bar, is a licensed contractor in various Florida localities and, until he moved his residence to Georgia, was a registered real estate broker in this state. When Hall moved his residence, Respondent Florida Real Estate Commission entered a final order revoking his broker's registration under the authority of Section 475.25(2), Florida Statutes, F.S.A., which provides that "the registration of a registrant shall be revoked ... if the registrant has become a nonresident of the state... ."
Petitioner sought review of the order in the District Court of Appeal, First District. That court affirmed the revocation and held the statute constitutional on the controlling authority of Holland v. Florida *34 Real Estate Commission, 1938, 130 Fla. 590, 178 So. 121. It added, however, that circumstances had changed since this Court rendered the Holland decision and said perhaps this Court should reconsider "the reasonableness of the continuous residency requirement, particularly in view of the expanded impact of our modern-day, long-arm statutes whereunder redress may be had in local courts against nonresidents conducting business in Florida." The District Court certified its decision as one passing upon a question of great public interest.
Unless there is a reasonable, compelling, state interest justifying the residency requirement, it cannot be upheld for it clearly has a chilling effect on Florida real estate brokers who might wish to reside in another state. According to the Supreme Court of the United States in Shapiro v. Thompson, 1969, 394 U.S. 618, 629, 89 S.Ct. 1322, 1329, 22 L.Ed.2d 600, "all citizens [must] be free to travel throughout the length and breadth of our land uninhibited by statutes, rules, or regulations which unreasonably burden or restrict this movement." That right may be restricted only for a compelling state interest. Shapiro v. Thompson, supra; Dunn v. Blumstein, 1972, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274.
Florida's interest in enacting the F.S. Section 475.25(2), F.S.A., residency requirement was stated by this Court in Holland. There, at 123, we said:
"It is appropriate and lawful ... that adequate, but reasonable, special qualifications, including that of residence in Florida and consequent continued amenability to the process of our courts, be exacted of those who would engage in that business. See 12 C.J. 1120. The reasons for the qualification of residence are manifold, sound, and under the circumstances are lawful, in view of the experiences of the recent past in Florida when many disingenious practices and impositions were perpetrated by unscrupulous dealers, mostly of nebulous or transitory residence, upon credulous and unwary purchasers." (Emphasis supplied.)
As pointed out by the District Court in this case, however, residency, with its "consequent amenability to the process of our courts," is no longer a legitimate justification for the statute. Florida's broad, long-arm laws (F.S. Chapter 48, F.S.A.) now permit service of process on nonresidents doing business in this state. Unless there is another compelling, legitimate reason for Section 475.25(2), therefore, we must find it unconstitutional as a denial of equal protection.
The Real Estate Commission contends there is a second, still cogent, justification for limiting Florida real estate broker licenses to residents of this state. The Commission says it would be virtually impossible to discipline and police nonresident registrants as required by the Florida Real Estate License Law, F.S. Chapter 475, F.S.A. We find no merit in this contention.
It is already necessary to police brokers' actions outside of Florida. According to Section 475.25, the "revocation and suspension" section, brokers may be disciplined for certain actions whether done "in this state or any other state, nation, or territory." Having nonresident brokers would, therefore, do no more than potentially increase the number of out-of-state violations of Section 475.25. This is not a sufficiently compelling state interest. The Florida Bar has numerous nonresident members and it has not suffered disciplinary hardships.
We realize that Section 475.27 states that the venue of disciplinary hearings is "in the county where the defendant resides or where the matters and things charged in the information are alleged to have occurred." For this reason it may be necessary to change the venue rule to close the obvious loophole presented if a nonresident *35 broker commits an improper action outside the State of Florida.[*]
The need to perhaps change a procedural rule, however, is not a compelling enough reason to justify holding this statute constitutional. It is clearly a restraint upon the constitutional right to travel, and the Respondents have not shown that this restraint is now justifiable. Compare the principles enunciated in Mercer v. Hemmings, Fla., 170 So.2d 33, and Mercer v. Hemmings, Fla., 194 So.2d 579. Merely because a statute was once valid does not mean that it automatically retains its validity and constitutionality for all time. Changing circumstances may render it invalid. Georgia Southern and Florida Ry. Co. v. Seven-Up Bottling Co., Fla. 1965, 175 So.2d 39. They have in this case.
Accordingly, we hold unconstitutional that portion of F.S. Section 475.25(2), F.S.A., which provides for the revocation of the real estate registration of a nonresident; we specifically overrule that portion of Holland v. Florida Real Estate Commission, supra, which holds otherwise, and we quash the decision of the District Court of Appeal, First District. However, nothing is intended herein by way of implication to invalidate any of the requirements for the original issuance of a real estate broker's license. We merely hold nonresidency does not automatically revoke the registration of a licensed real estate broker. We remand the cause to the District Court to further remand to Respondent Florida Real Estate Commission with instructions to reinstate Petitioner Allan J. Hall's registration as a Florida real estate broker.
ROBERTS, C.J., and ERVIN, CARLTON and ADKINS, JJ., concur.
BOYD, J., dissents with opinion.
BOYD, Justice (dissenting):
I must dissent to the majority opinion.
The nature of service rendered by real estate brokers and salesmen well justifies the State in prohibiting non-residents from selling real property in this State. However, a strict interpretation of the existing statute would require that the most capable broker or salesman in Florida lose his registration upon becoming a non-resident even for a brief period and require such person to obtain qualification anew by attending school and submitting to re-examination.
It is the duty of the Court to avoid declaring an act of the Legislature unconstitutional, if a reasonable construction is possible upholding the act. I would construe the statute to provide for suspension of registration while the registrant resides outside the State of Florida, with the privilege of immediate reinstatement upon reestablishment of Florida residency. The statute as so construed is a valid enactment.
NOTES
[*] The Florida Bar has the following disciplinary venue rule:

"The trial shall be held in the county in which an alleged offense occurred, or in the county where the respondent resides or practices law or last practiced law in Florida, whichever shall be designated by the agency finding probable cause; provided, however, that if the respondent is not a resident of Florida and the alleged offense is not committed in Florida, the trial shall be held in a county designated by the agency finding probable cause; and provided further that the trial may be held in any county by agreement of the parties." Art. 11, Rule 11.06, Integration Rule of The Florida Bar, 32 F.S.A.
A similar rule might be appropriate for the Real Estate Commission.