PER CURIAM.
The Florida Real Estate Commission appeals a final declaratory judgment entered *18 by the circuit court. The essential facts are fully set out by the trial judge as follows :
“1. The court has jurisdiction of the parties and subject matter.
2. The Plaintiff has successfully completed a course in Real Estate Principles and Practices at Tulane University in New Orleans, Louisiana.
3. The Plaintiff has requested that the Defendant allow him to make application for and take the real estate salesman examination administered by Defendant as a prerequisite to the licensing of .real estate salesmen in Florida.
4. Defendant has refused and continues to refuse to accept or recognize equivalent real estate courses completed at colleges in sister states other than Florida in satisfaction of the educational course requirement, and bases this refusal on Regulation 21V-3.03.
5. The Defendant has refused to allow Plaintiff to make application for or to take said examination and has based this refusal upon Regulation 21V-3.03, which regulation was promulgated by Defendant.
“It is contended and argued by the Plaintiff that said Regulation 21V-3.03 exceeds Defendant’s grant of authority from the Legislature found in F.S. 475.-17(4), F.S.A., and also violates Due Process, Equal Protection, and Privileges and Immunities provisions of the state and federal constitutions.
“Regulation 21V-3.03 now reads in part as follows:
‘21V-3.03 Equivalency
‘Any person who has attended an accredited degree granting college or university in the State of Florida and who, while attending said college or university, took and satisfactorily completed a college accredited course or courses covering substantially the same subject matters as those prescribed by the Florida Real Estate Commission for the course prerequisite to registration as a real estate salesman, shall also be deemed to have satisfactorily completed the salesman’s course . . .’
“Regulation 21V-3.03, here under attack, was promulgated pursuant to F.S. 475.17(4), F.S.A., which statute contains the following language:
‘When the commission has established an educational course or . . . courses . . . the commission may require the satisfactory completion of one (1) or more of the educational courses or its or their equivalent as a condition precedent for any person to become registered as a real estate . salesman . . . ”
Based upon these findings, the trial judge (1) declared that the regulation of the Florida Real Estate Commission requiring attendance at a college or university located in Florida as a prerequisite to registration as a real estate salesman is invalid; (2) enjoined the Commission from requiring the plaintiff to complete the course at a Florida college or university; (3) ordered the Commission to make available immediately and receive appellant’s application; and, (4) ordered the Commission to admit the plaintiff to the next examination conducted following receipt of plaintiff’s application.
On this appeal, the Commission urges that the trial court incorrectly applied the governing principles of law when it determined that Regulation 21V-3.03 was invalid. We hold that the trial court was correct in this particular because, as was pointed out by the Supreme Court of Florida in Stadnik v. Shell’s City, Inc., Fla.1962, 140 So.2d 871, in reviewing an attack upon the validity of a rule of the Florida Board of Pharmacy:
“The validity of Rule 2 must be measured by the established tests. It must bear a reasonable relationship to public safe *19 ty, health, morals and general welfare. Lee v. Delmar, Fla.1953, 66 So.2d 252; State ex rel. Hathaway v. Smith, 160 Fla. 485, 35 So.2d 650; Florida Dry Cleaning, etc., Board v. Everglades Laundry, 137 Fla. 290, 188 So. 380; Gillett v. Florida University of Dermatology, 144 Fla. 236, 197 So. 852. The sole question here is whether there is any reasonable relationship between the administrative Rule 2 and the public safety, health, morals and general welfare.”
We think that it follows without the necessity of exposition that there is no reasonable relationship to public safety, health, morals and general welfare in a rule which requires the taking of educational courses only in the State of Florida. The very use of the words “educational courses, or its, or their, equivalent” in Fla. Stat. § 475.17(4), F.S.A., which grants authority to the Commission to require educational courses, indicates that the standard is to be the substantive content of the course or courses and not the place in which they are taken. We therefore affirm so much of the trial court’s judgment which held that Regulation 21V-3.03 of the Florida Real Estate Commission is invalid.
We proceed then to the question of whether the trial court correctly determined that the appellee was entitled to immediately receive an application in order to permit his compliance with the enactments pertaining to the issuance of real estate licenses. We hold that the trial court correctly determined that the Commission had acted improperly in failing to forward an application form to the appellee upon his request. Cf. Hall v. King, Fla.1972, 266 So.2d 33.
The Commission’s remaining point urges that the trial court committed error in ordering that the appellee be allowed to take the next examination. We believe that this point has merit. The effect of the trial court’s order is to require the Commission to give the examination to the appellee without the appellee complying with the rules applied to others. For example, he would not be required to prove compliance with other portions of Fla.Stat. § 475.17, F.S.A., which require residence in this state and proof of good moral character. In addition, the appellee has not met his burden of establishing either before the Commission or before the trial court that the course he took is actually the equivalent of the course established by the Commission. Ordinarily, it would be the burden of the applicant to establish this fact before the Commission. It would be the duty of the Commission to hear such an applicant’s evidence and to rule thereon. In the event of an arbitrary ruling, resort would then be to the courts. In the present instance the trial court, having taken jurisdiction, and having found the ap-pellee entitled to relief, properly proceeded with the cause to determine the extent of the relief to be afforded, and to dispose of the entire matter. See Winn & Lovett Grocery Co. v. Saffold Bros. Produce Co., 121 Fla. 833, 164 So. 681 (1935).
As pointed out by the appellant, the trial judge did not require proof that the course taken by the appellee was equivalent to the course or courses authorized by the Commission. We therefore hold that it is error to order that the appellee be admitted to the next examination without proof of the equivalency of the appellee’s course and without the regular processing of his application.
The judgment appealed is affirmed in part and reversed in part. In accordance with the views set out above, the cause is remanded with directions that the trial court shall hold a further hearing or hearings at which it shall take such evidence as the parties shall present upon the issue of whether the course taken by the appellee is the equivalent of the course established by the Commission. That portion of the de *20 cree directing the Commission to admit the appellee to the next regularly conducted examination is reversed.
Affirmed in part, reversed in part, and remanded.