ERVIN, Judge.
Dr. Mick filed his petition for review from an order of the Florida State Board of Dentistry adopting the recommended order of a Department of Administration hearing officer stating that the Board’s prior issuance of a conditional license to Dr. Mick was a valid act pursuant to § 466.17(2), Florida Statutes (1975). Petitioner attacks the constitutionality of § 466.17(2) which provides that any dentist who does not currently maintain residence and domicile in this state shall be issued a conditional renewal certificate and prohibits him from practicing in this state until he has obtained a current annual renewal certificate.
Dr. Mick had practiced dentistry for 20 years in the State of New Jersey prior to 1953. In 1953, he passed the Florida examination for dentists and was issued an active license on September 7, 1957. After Dr. Mick had practiced dentistry in Florida for four years, § 466.17 was amended by Ch. 61-471, § 11, Laws of Florida, effective June 22, 1961, which provided:
“One (1) year after the effective date of this act and thereafter, any dentist who does not currently maintain residence and domicile in this state, shall be issued a conditional renewal certificate, upon application for and payment of the ten dollars ($10.00) fee as provided in this subsection (1) and cannot practice in this state until he has obtained a current annual renewal certificate. . . .”
Dr. Mick received an active renewal certificate every year from 1957 until October 10,1973, when a conditional renewal certificate was issued pursuant to the provisions of the statute. Thereupon he requested a hearing. The evidence at the hearing reveals that Dr. Mick maintained a home in Florida, was involved in certain businesses and investments, voted in Florida, filed his income tax returns in Florida and in 1970 ran for Congress in Pinellas County. The record also shows that he practiced dentistry in the state only eight weeks out of the year. The remainder of the year he carried on an active practice in New Jersey and spent most of his time there because of the need to care for his mother-in-law. He also kept an office and house in Laurel Spring, New Jersey.
It is our belief that petitioner’s attack upon § 466.17(2) is well founded since the statute requires both domicile and residency as a condition precedent to the issuance of a current annual renewal certificate to practice dentistry in this state. We are of the opinion that the Florida Supreme Court’s decision in Hall v. King, 266 So.2d 33 (Fla.1972) controls the issues presented here. In King, petitioner attacked the constitutionality of § 475.25(2), Florida Statutes (1971), which provided that “the registration of a registrant shall be revoked * * * if the registrant has become a nonresident of the state.” In holding the above portion of § 475.25(2) unconstitutional, the court stated:
“Unless there is a reasonable, compelling, state interest justifying the residency requirement, it cannot be upheld for it clearly has a chilling effect on Florida real estate brokers who might wish to reside in another state. According to the *140 Supreme Court of the United States in Shapiro v. Thompson, 1969, 394 U.S. 618, 629, 89 S.Ct. 1322, 1329, 22 L.Ed.2d 600, ‘all citizens [must] be free to travel throughout the length and breadth of our land uninhibited by statutes, rules or regulations which unreasonably burden or restrict this movement.’ That right may be restricted only for a compelling state interest. Shapiro v. Thompson, supra; Dunn v. Blumstein, 1972, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274.” 266 So.2d at 34. (Emphasis in original.)
The Board’s argument that there is a compelling legitimate reason for the enactment of § 466.17(2) to insure that only qualified dentists are permitted to practice in Florida is wide of the mark. There are enough built-in safeguards under Ch. 466 to protect the public’s interest from incompetency or unprofessional conduct by those practicing the profession of dentistry in our state. See specifically § 466.24, Florida Statutes (1975), enumerating the reasons justifying suspension or revocation of a dentist’s license. Indeed, as our Florida Supreme Court observed in Hall v. King, supra, the invalidation of the residency requirement of § 475.25(2), would “ * * * do no more than potentially increase the number of out-of-state violations of § 475.25. This is not a sufficiently compelling state interest.” Id. at 34.
Moreover the Board’s reliance on Wright v. City of Jackson, Mississippi, 506 F.2d 900 (5th Cir. 1975), which upheld the validity of a city ordinance requiring that a group of firefighters be residents of the city is not well founded. The court specifically limited its holding to approval of a continual residency requirement impinging upon intrastate — not interstate — travel. It therefore concluded that “a bona fide continual residency requirement challenged on equal protection grounds is not to be tested by the strict compelling governmental purpose standard, . . . .” 506 F.2d at 903. Here the statute makes no distinction between interstate or intrastate travel.
True the statute here contains — as did the ordinance in City of Jackson, Mississippi —a continuing residency requirement. Those cases by the United States Supreme Court invalidating state statutes all involved situations in which durational residency restrictions had been imposed as a condition to obtaining a benefit. Still, this is not a meaningful distinction. Certainly a continuing residency requirement is more onerous than one of certain duration. Indeed the decisions by the United States Supreme Court involving such statutes do not make any such distinction. Nor did our Supreme Court when it applied the “compelling governmental purpose” standard to a statute which included a continual residency requirement in Hall v. King, supra. Compare Florida Real Estate Commission v. Windsor, 284 So.2d 17 (Fla. 3d DCA 1973), in which the court held that a regulation requiring an applicant for a real estate salesman’s license to take certain educational courses only in a Florida college or university bore no reasonable relationship to public safety, health, morals and general welfare.
In striking down a Tennessee statute which precluded a Tennessee resident from voting because he would not have been at the time of the next election a resident for one year, the United States Supreme Court in Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972), stated:
“In sum, durational residence laws must be measured by a strict equal protection test: they are unconstitutional unless the State can demonstrate that such laws are ‘necessary to promote a compelling governmental interest.’ Shapiro v. Thompson, supra, [394 U.S.] at 634, [89 S.Ct. at 1331, 22 L.Ed.2d at 615] (first emphasis added); Kramer v. Union Free School District, 395 U.S. [621] at 627, [89 S.Ct. at 1889, [1886,] 23 L.Ed.2d [583] at 589], Thus phrased, the constitutional question may sound like a mathematical formula. But legal ‘tests’ do not have the precision of mathematical formulas. The key words emphasize a matter of degree: that a heavy burden of justification is on the State, and that the statute will be closely scrutinized in light of its asserted purposes.” 405 U.S. at 342-343, 92 S.Ct. at 1003.
*141 Compare Memorial Hospital v. Maricopa County, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974), which invalidated a statute’s durational residency requirement as applied to recipients of medical benefits.[1]
The Board has failed to meet its burden demonstrating that the residency and domiciliary requirements of § 466.17(2) are necessary “to promote a compelling governmental interest.” Accordingly, that portion of § 466.17 providing any dentist who does not currently maintain residence and domicile in this state shall be issued only a conditional renewal certificate is held unconstitutional. We remand this cause to the Florida State Board of Dentistry with instructions that it issue to petitioner a renewal certificate permitting him to practice dentistry in this state.
REVERSED.
BOYER, C. J., and MILLS, J., concur.

. The holdings in Shapiro v. Thompson, supra, Dunn v. Blumstein, supra and Memorial Hospital v. Maricopa County, supra, appear to have been narrowed in the later case of Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), in which the Court upheld an Iowa statute requiring a one year residence in the state before a plaintiff is allowed to file a divorce petition. The Court there stated that its prior opinions invalidating such statutes were justified, inter alia, because there the only interested parties were the state acting as “grant- or” of certain rights and plaintiff as “grantee”. It observed that a decree of divorce, however necessarily involved other parties. It also noted that in divorce proceedings a state may justifiably impose residency requirements to avoid intermeddling in matters which another state has a paramount interest. 419 U.S. at 406-407, 95 S.Ct. 553.