361 So.2d 414 (1978)
FLORIDA STATE BOARD OF DENTISTRY, Appellant,
v.
Robert J.H. MICK, D.D.S., Appellee.
No. 52087.
Supreme Court of Florida.
July 27, 1978.
Robert L. Shevin, Atty. Gen., and Thomas M. Beason, Asst. Atty. Gen., Tallahassee, for appellant.
Lester W. Jennings, Miami, for appellee.
ENGLAND, Chief Justice.
The Florida State Board of Dentistry has asked us to review a decision of the First District Court of Appeal[1] which declared invalid the residence and domicile requirements for dentists set forth in Section 466.17(2), Florida Statutes (1975). Inasmuch as the district court initially and directly passed on the constitutionality of the statute, we have jurisdiction to review its decision.[2] We affirm.
Section 466.17(2) provides that any dentist who does not maintain residence and domicile in Florida is to be issued upon *415 application a "conditional renewal certificate" and may not practice dentistry in the state until his certificate is renewed on an annual basis subject to an evaluation by the Board as to his continued skill and competency.[3] The issue presented for our consideration is whether the statute violates the Equal Protection Clauses of the United States and Florida Constitutions.[4]
The First District determined that the residency and domicile requirement of the statute burdened the right to travel interstate, for purposes insufficient to satisfy a compelling state interest. Relying on our decision in Hall v. King, 266 So.2d 33 (Fla. 1972), the court applied the strict standard of review required in an equal protection analysis of a statutory scheme which involves a fundamental right. See Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). In Hall we applied the "compelling state interest" test to hold unconstitutional a statute providing for revocation of a real estate broker's license if the registrant became a non-resident of Florida.
With regard to the standard for evaluating this statute's "continuing residency" requirement, as opposed to a "durational residency" requirement which affects the exercise of a "fundamental" right (such as voting), we note that the United States Supreme Court has in recent years applied a less strict "reasonable classification" test to the federal guarantee of equal protection. First, in Memorial Hospital v. Maricopa County, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974), and then in McCarthy v. Philadelphia Civil Service Commission, 424 U.S. 645, 96 S.Ct. 1154, 47 L.Ed.2d 366 (1976), the Court limited its earlier decisions of Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972), and Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), on which we had relied in Hall.[5] These decisions collectively stand for the application of a compelling state interest analysis only when a durational residency requirement is involved, a situation not present in this case. In view of these clear pronouncements regarding the relationship between the right to travel interstate and the various types of residency requirements, we recede from our decision in Hall to the extent it conflicts with more recent federal standards for judicial review.
The proper standard by which to assess the statute's validity in this case is whether the statutory classification rests on a difference *416 which bears a just and reasonable relationship to a legitimate state interest.[6]
Our analysis of the statutory scheme for dentist licensure indicates that Section 466.17(2), Florida Statutes (1975), creates an arbitrary and unreasonable classification between previously licensed Florida dentists who continuously reside in Florida and those who do not. A dentist licensed to practice in Florida is subject to extensive practice requirements set out in Chapter 466, Florida Statutes (1975), and his license is subject to revocation or suspension for various forms of unprofessional conduct.[7] The Board can with equal facility investigate the competency of any dentist charged with unprofessional conduct,[8] whether a resident dentist chooses to practice only two months a year and travel on vacation for the remainder of the year, or whether a nonresident dentist, such as Dr. Mick,[9] maintains office facilities in Florida and chooses to divide his time with an out-of-state dental practice. In either case, the continuing investigatory jurisdiction of the Board and the requirement of annual license renewal[10] provide ample opportunity for the Board to assure the dentist's quality and fitness to practice dentistry in this state. Under these circumstances, the annual "conditional" certificate for non-resident dentists, and the accompanying fee, are no more than a discriminatory license fee imposed on some members of a profession to which all admitted members have already been deemed qualified. This additional burden denies non-resident Florida dentists equal protection of the laws.
For the reasons expressed, the decision of the First District Court of Appeal is affirmed.
BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[1] Mick v. Florida State Bd. of Dentistry, 347 So.2d 138 (Fla. 1st DCA 1977).
[2] Art. V, § 3(b)(1), Fla. Const.
[3] In its entirety, Section 466.17(2) reads:

Any dentist who does not currently maintain residence and domicile in this state, shall be issued a conditional renewal certificate upon application for a payment of the $35 fee as provided in subsection (1), and cannot practice in this state until he has obtained a current annual renewal certificate. No annual renewal certificate shall be issued to the holder of a conditional renewal certificate if for good cause, the board determines that the applicant has not maintained the degree of professional skill and knowledge required when he was first licensed in this state, has become physically or mentally incompetent, or has been guilty of immoral conduct. The board may, in its discretion, require said person to demonstrate to the board that he has maintained such professional skills and knowledge and has not been guilty of conduct which would warrant suspension or revocation of a license under this law.
The last phrase in Section 466.17(1) references this provision and should be considered inoperative. In due course it should be expunged from the statutes, along with Section 466.17(2).
[4] U.S.Const. amend. XIV; Art. I, § 2, Fla. Const.
[5] In McCarthy, the Court said (424 U.S. at 646, 96 S.Ct. at 1155):

"[Shapiro v. Thompson, Dunn v. Blumstein and Memorial Hospital v. Maricopa County] [e]ach ... involved a statutory requirement of residence in the State for at least one year before becoming eligible either to vote, as in Dunn, or to receive welfare benefits, as in Shapiro and Memorial Hospital. .. .
We have previously differentiated between a requirement of continuing residency and a requirement of prior residency of a given duration. Thus in Shapiro ... we stated: `The residence requirement and the oneyear waiting-period requirement are distinct and independent prerequisites.' And in Memorial Hospital, ... quoting Dunn, ... the Court explained that Shapiro and Dunn did not question `the validity of appropriately defined and uniformly applied bona fide residence requirements.'"
[6] See Florida Real Estate Comm'n v. McGregor, 336 So.2d 1156, 1159 (Fla. 1976).
[7] See, among others, § 466.24, Fla. Stat. (1975).
[8] The Board tests competency and invokes disciplinary measures only on the basis of complaints, rather than periodic inspections of dental offices. There are no periodic tests as to the continuing qualification and fitness of dentists to practice their profession.
[9] Dr. Mick's status as a non-resident, factually determined by a hearing officer and approved by the Board, is not before us on review.
[10] § 466.17(1), Fla. Stat. (1975).