167 So.2d 763 (1964)
SCOTT-STEVEN DEVELOPMENT CORP., Inc., a Florida corporation, Appellant,
v.
GABLES BY THE SEA, INC., a Florida corporation, Appellee.
Nos. 63-680, 63-681.
District Court of Appeal of Florida. Third District.
September 9, 1964.
Rehearing Denied October 21, 1964.
Sibley, Giblin, King & Levenson, Miami Beach, Sponder & Bloom, North Miami, for appellant.
*764 Scott, McCarthy, Preston & Steel and Dwight Sullivan, Miami, for appellee.
Before HORTON, TILLMAN PEARSON and HENDRY, JJ.
HORTON, Judge.
This appeal is from a supplemental final decree in a specific performance action which in substance found that the appellant had not proved damages resulting from the alleged breach of a land sales contract.
The contract between the appellant, as purchaser, and the appellee, a subdivision developer, as seller, provided that the appellee would place underground electrical wiring and other improvements in the subdivision and would sell to the appellant six lots with an option to purchase approximately 20% of the remaining lots in the subdivision.
The appellant by this action sought to require appellee to specifically perform the covenants of the contract as to improvements to be made on the land as well as to require the appellee to sell to the appellant the lots specified in the contract. After the taking of testimony on the issue of specific performance, the chancellor entered a final decree in which he concluded (1) that the appellant was not entited to specific performance; (2) that to enforce the contract between the parties would be harsh and inequitable under all the circumstances; (3) that there was a breach of contract on the part of the appellee and that this breach had occurred prior to any breaches on the part of the appellant and (4) that there was not the impossibility of specific performance but that in his discretion and upon appropriate proof the appellant would be entitled to an award of monetary damages. He thereupon denied the prayer for specific performance, held the cause in abeyance for proof by appellant of damages sustained by reason of the breach of the contract and awarded costs against the appellee. No appeal was taken from this decree.
On June 27, 1963, after considering testimony and evidence relative to an award of monetary damages to the appellant for breach of the contract by the appellee, the court concluded in substance that the appellant had failed to prove that any damages had been sustained as a result of the appellee's breach of the contract and entered judgment against the appellant. It is this latter order which has been appealed.
The main contention of the appellant for a reversal of the supplemental final decree is that since the chancellor found that the appellee had breached the contract and that specific performance was not impossible, that his denial of an award of damages was in effect denying the appellant a remedy for a wrong which the court had adjudicated existed. At this juncture, we observe that the appellant did not appeal from the final decree denying specific performance, did not assign it as error on this appeal, nor has there been a cross assignment of error directed to the final decree by the appellee.
Whether or not the court abused its discretion in denying the appellant specific performance is not now the subject of appellate review. We are unable to concur with the appellant's contention that having denied specific performance it was incumbent upon the court to award appellant some damages. Not all breaches of contract result in damages and the law furnishes a remedy only for such wrongful acts as result in injury or damage. See 1 Fla.Jur., Actions, § 26. However, in this instance, the chancellor, after considering all the testimony and evidence as to damages, concluded there had been a failure on the appellant's part to prove damages resulting from a breach of the contract. His conclusion in this respect is not only correct but adequately supported by the record.
Accordingly, the final decree appealed is affirmed.