489 So.2d 869 (1986)
Jaime M. CACERES, M.D., Appellant,
v.
PHYSICIANS PROTECTIVE TRUST FUND, Appellee.
Nos. 85-1316, 85-1637.
District Court of Appeal of Florida, Third District.
June 10, 1986.
*870 Norman S. Klein and Alan D. Sackrin, North Miami Beach, for appellant.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Miami, for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
*871 PER CURIAM.
Dr. Jaime M. Caceres appeals from a summary final judgment and an order taxing attorney's fees and costs. Finding that the trial court did not err in granting summary final judgment in favor of Physicians Protective Trust Fund [PPTF], we affirm the judgment. Johnson v. Gulf Life Insurance Co., 429 So.2d 744 (Fla. 3d DCA 1983); Knowles v. C.I.T. Corp., 346 So.2d 1042 (Fla. 1st DCA 1977); MacDonald v. Penn Mutual Life Insurance Co., 276 So.2d 232 (Fla. 2d DCA 1973); Scott-Steven Development Corp. v. Gables By The Sea, Inc., 167 So.2d 763 (Fla. 3d DCA 1964), cert. denied, 174 So.2d 32 (Fla. 1965).
We reverse, however, the trial court's order awarding PPTF attorney's fees because attorney's fees were not authorized by statute or the parties' agreement. Keys Lobster, Inc. v. Ocean Divers, Inc., 468 So.2d 360 (Fla. 3d DCA 1985); Estate of Hampton v. Fairchild-Florida Construction Co., 341 So.2d 759 (Fla. 1977); Dickson v. Feiner's Organization, Inc., 200 So.2d 269 (Fla. 4th DCA), cert. denied, 207 So.2d 455 (Fla. 1967). See generally Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).
We turn now to the award of costs. It is axiomatic that keeping the costs of litigation within reasonable bounds is essential to the proper administration of justice. Loftin v. Anderson, 66 So.2d 470 (Fla. 1953); Travis v. Blackmon, 155 So.2d 698 (Fla. 1st DCA 1963). Costs of discovery are taxable only if the information discovered serves a useful purpose. Cohn v. Florida National Bank at Orlando, 223 So.2d 767 (Fla. 4th DCA 1969); see Travis. The depositions and response to the request for production were not relied on by PPTF in its motion for summary judgment, and thus, served no useful purpose in determining the issue before the trial court. Fees and trial subpoenas for a witness who has not attended court to testify may not be taxed as costs. KMS of Florida Corp. v. Magna Properties, Inc., 464 So.2d 234 (Fla. 5th DCA 1985). For these reasons, we find that the trial court abused its discretion in awarding PPTF costs for depositions, Travis; see Cohn, witness fees, KMS; Cohn, trial subpoenas, KMS; Cohn, and photocopying documents to comply with the request for production, see Loftin. We therefore reverse that portion of the award attributable to these costs and remand for the trial court to determine the correct amount of costs to be taxed against the appellant.
Affirmed in part; reversed in part and remanded with directions.