647 So.2d 893 (1994)
Marvin BROXMEYER, Judith Broxmeyer, Levlex Enterprises, Ltd., Royal Rehab Corp. and Cantor Samuel, Inc., Appellants/Cross-Appellees,
v.
Paul ELIE, Edgar C. Elie, Steven R. Brownstein and Raymond H. Alfonso, Appellees/Cross-Appellants.
No. 92-2900.
District Court of Appeal of Florida, Fourth District.
November 16, 1994.
Rehearing Denied December 28, 1994.
*894 Eliot R. Weitzman, Miami, for appellants, cross-appellees Marvin Broxmeyer, Judith Broxmeyer, Cantor Samuel, Inc. and Royal Rehab Corp.
Randall L. Leshin, Law Offices of Randall L. Leshin, Pompano Beach, for appellees, cross-appellants Paul Elie and Edgar C. Elie.
KLEIN, Judge.
The Broxmeyers appeal a judgment entered against them based on conspiracy, arguing that there was no conspiracy, and that the Elies did not prove any damages in any event. We agree that there was no proof of damages, so we need not decide if there was a conspiracy.
The Elies obtained judgments against Raymond Alfonso totalling $2,008,694 in 1990. Because they were unable to collect their judgments against Alfonso, the Elies brought this action against the Broxmeyers. They alleged that the Broxmeyers participated in a conspiracy which made Alfonso judgment-proof, and thus made it impossible for the Elies to collect their judgments against Alfonso.
The facts underlying the alleged conduct against the Broxmeyers involved a corporation owned by the Broxmeyers and Alfonso which engaged in real estate transactions. The corporation was formed in Texas in April of 1987, with Mr. Broxmeyer owning 80% of the stock and Alfonso owning 20%. Viewed in a light most favorable to the Elies, the evidence reflected that Alfonso did not want his stock in his own name because of various creditors who were hounding him, that the Broxmeyers knew this, and that the Broxmeyer's consented to Alfonso's stock being issued to Alfonso's mother, Ernestine Alfonso. The corporation acquired, rehabilitated, and disposed of properties in Texas from 1987 through 1989.
The essence of the Elies' complaint against the Broxmeyers was that because the Broxmeyers allowed Alfonso's stock to be issued to Alfonso's mother, the Elies were unable to collect their 1990 judgments against Alfonso by levying on the stock.
At trial, the Elies did not present any competent evidence to prove the value of Alfonso's stock at the time the stock was issued to Alfonso's mother in 1987, or at any time thereafter. The Elies' counsel recognized his inability to establish the value of the stock, and persuaded the trial judge to submit two interrogatory verdicts on damages to the jury which were as follows:
9. What is the dollar amount of the reduction in value of the stock as a result of the mingling, damage or dissipation caused by the acts of the Defendants since the date of the concealment? If you cannot decide the dollar amount in reduction in value of the stock, do NOT answer this question and go to question number 10. $ ____ (Do NOT fill in this space if you are unable to determine the dollar amount of the reduction in value of the stock).
10. What dollar amount will fairly compensate the Plaintiffs (answer this question *895 ONLY if you did not answer question number 9). $ ____ (fill in this space ONLY if you did not answer question number 9).
The jury did not answer interrogatory number 9, but did answer interrogatory number 10 and awarded damages of $1,700,000. The only evidentiary basis in the record which the Elies suggest will support this amount is that it approximately corresponds to the face amount of the judgments the Elies had against Alfonso, excluding attorneys' fees and costs. The obvious problem with that argument is that the amount of the Elies' judgments against Alfonso would have no bearing on how much damage was caused by the alleged fraudulent transfer, except to put a limit on the amount the Elies could recover from the Broxmeyers.
As support for their argument that they can recover, notwithstanding their admitted inability to prove damages, the Elies rely on Winn & Lovett Grocery Co. v. Saffold Bros. Produce Co., 164 So. 681 (Fla. 1935). In Winn & Lovett a fraudulent transferee had dissipated the property, so that the creditor of the fraudulent transferor could not establish the value of the property at a relevant time after the fraudulent transfer. The court held that under those circumstances judgment may be entered against the transferee for the value of the property at the time the transferee took physical possession of the property. The present case is distinguishable from Winn & Lovett because in the present case there was no proof of the value of the property at the time of the alleged fraudulent transfer.
We need not decide whether the other elements of conspiracy were established, since "the law furnishes a remedy only for such wrongful acts as result in injury or damage." Scott-Stephen Develop. Corp. v. Gables By The Sea, Inc., 167 So.2d 763 (Fla. 3d DCA 1964). Where there is no proof of damages, there can be no recovery. Ryan v. Atlantic Fertilizer & Chemical Co., 515 So.2d 324 (Fla. 3d DCA 1987) and All Florida Surety Co. v. Vann, 128 So.2d 768 (Fla. 3d DCA 1961).
We therefore reverse the denial of the Broxmeyers' motion for directed verdict and remand for judgment to be entered in their favor.
HERSEY and STONE, JJ., concur.