PER CURIAM.
We affirm the trial court’s entry of a directed verdict in favor of the defendants on the issue of punitive damages and attorney’s fees in connection with the seaman’s claim for maintenance and cure. After reviewing the record below in the light most favorable to the non-moving party, Ligman v. Tardiff, 466 So.2d 1125, 1126 (Fla. 3d DCA), review denied, 478 So.2d 54 (Fla.1985), we find that the defendants were entitled to a directed verdict as a matter of law where the seaman did not present evidence that the defendants had wilfully or arbitrarily failed to provide him with maintenance and cure. International Ships Servs., Ltd. v. Canales, 639 So.2d 74 (Fla. 3d DCA 1994); Dos Santos v. Ajax Navigation Corp., 531 So.2d 231 (Fla. 3d DCA 1988), cert. dismissed, 489 U.S. 1048, 109 S.Ct. 1304, 103 L.Ed.2d 574 (1989).
Additionally, we affirm the trial court’s entry of the order granting the defendants’ motion for a new trial. We find that it was well within the trial court’s sound discretion to grant a new trial, Smith v. Brown, 525 So.2d 868, 869 (Fla.1988), where the evidence that was presented by the seaman, prior to the entry of a directed verdict, pertaining to his punitive damages claim substantially prejudiced the jury and tainted its verdict. Ford v. Robinson, 403 So.2d 1379, 1382 (Fla. 4th DCA 1981).
Affirmed.