NESBITT, Judge.
In this tort action which followed the explosion of a truck tire, these four appeals were consolidated and arise from the dismissal with prejudice of plaintiff Garcia’s and plaintiff Alvarez’s complaints against E & A Produce Corporation (E & A). The trial court found that the plaintiffs’ complaints failed to state a cause of action against E & A, the owner of the tire. Miehelin lire Corporation (Miehelin), the manufacturer of the tire and a co-defendant below, likewise appealed E & A’s dismissal from the case. We agree with the trial court that the plaintiffs failed to state a cause of action in negligence against E & A, and affirm.
On October 5, 1992, E & A brought the tire in question to Alvarez lire for repairs. Rigoberto Garcia, an employee of Alvarez Tire, worked on the tire. After the tire was inspected, repaired and reinflated (without incident), and while Garcia was remounting it on E & A’s truck, the tire ruptured[1] in a spot separate from the area that had just been repaired, exploding with such force that Garcia was killed and Pedro Alvarez was seriously injured. Garcia’s personal representative and the Alvarezes brought claims against Miehelin in negligence and strict liability, and against E & A in negligence.
The allegations in the plaintiffs’ complaints were nearly identical so we will address them as one complaint. The complaint alleged that E & A was a “regular and frequent user” of trucks and of truck tires and, as such, had a duty to properly inspect and maintain its tires, and “knew or should have known” and warned the Alvarez Tire employees “that the tire was defective.” The plaintiffs ultimately (in the third amended complaint filed in November 1995) made the specific allegation that E & A drove on the tire while it was “underinflated and/or overloaded,” creating a “dangerous condition”— the “zipper tear” — which proximately caused the deadly explosion. Michelin’s affirmative defenses alleged that one or both of the plaintiffs and/or E & A was responsible for (or contributed to) the tire’s dangerous condition.
E & A moved to dismiss the charges against it, contending that the complaint failed to state a cause of action against it because E & A neither owed nor breached any legal duty to the plaintiffs. E & A asserted that it should not be held to a higher standard than an ordinary user of tires, emphasizing that all it had done was bring a flat tire to Alvarez and Garcia for repair.
The trial court granted E & A’s motion to dismiss, with prejudice, the amended complaints of both the Alvarezes and Garcia. The plaintiffs and Miehelin appeal the Final Order of Dismissal.
We find that dismissal of the complaint against E & A was proper. To survive a motion to dismiss, a complaint must allege a prima facie case. In evaluating a motion to dismiss, the court confines its consideration to the four corners of the complaint and must accept all well-pleaded allegations as true. See, e.g., Abrams v. General Ins. Co., 460 So.2d 572 (Fla. 3d DCA 1984). Whether a *1000 prima facie case has been pled depends on the sufficiency of the plaintiffs allegations of fact, excluding the bare conclusions of the plaintiff. See Frank v. Lurie, 157 So.2d 431, 433 (Fla. 2d DCA 1963).
We find that the facts alleged here do not state a cause of action in negligence against E & A. To successfully raise a claim in negligence, a complaint must contain ultimate facts supporting each element of the negligence cause of action. See, e.g., Rankin v. Colman, 476 So.2d 234, 236 (Fla. 5th DCA 1985). Here, the plaintiffs would have had to allege: (1) that E & A knew or should have known the tire was likely to be dangerous; (2) that E & A failed to exercise reasonable care to inform the plaintiffs of the tire’s dangerous condition; (3) injury to the plaintiffs proximately caused by E & A’s breach of duty; and (4) that E & A had “no reason to believe that [the plaintiffs would] realize [the tire’s] dangerous condition.” See Restatement (Second) of Torts § 388 (section addressing the suppliers of chattels, which would include, as here, bailors).
The plaintiffs’ complaint does allege the first three of the four essential elements above, but does not allege the fourth. Supporting element (1), paragraph 34 of the complaint alleges that: “As a regular and frequent user of tires, the Defendant ... knew or should have known that underinflation and/or overloading of tires causes a dangerous condition.” Also, paragraph 37 alleges that: “The Defendant knew or should have known that the tire on their [sic] truck ... was defective.” Supporting element (2), paragraphs 35 and 36 allege “a duty to properly maintain, inspect and use the tire” and breach of that duty “by failing to properly inspect the tire and/or by driving on the tire while the tire was underinflated or overloaded.” Paragraphs 39 and 40 also support element (2), alleging a duty to warn of “the dangerous condition of the tire” and breach of that duty. Supporting element (3), paragraph 42 alleges injury to the plaintiff proximately caused by E & A.
However, no facts alleged in the complaint support element (4),. in that the plaintiffs neglected to allege that the dangerous condition or defect in the tire was latent — which is another way oif saying that the plaintiffs would not have realized its dangerous condition. Warning of defects is not always necessary; such warning is necessary “if, but only if, [the bailor] has no reason to expect that those for whose use the chattel is supplied [here, the plaintiffs/bailees] will discover its condition and realize the danger involved.” Restatement (Second) of Torts § 388 cmt. k. In other words, it is necessary to warn of latent defects. It is unnecessary to warn “of a condition which a mere casual looking over will disclose” — that is, a readily observable or patent defect. Id. The only circumstance requiring disclosure of a patent defect is if the bailor has special experience or expertise, knows the condition is dangerous, and has no reason to believe the bailee has special experience or expertise “as will enable him to perceive the danger.” Id. This circumstance was not alleged by the plaintiffs. In fact, as between E & A, a small produce company, and the plaintiffs, employees of a tire repair business, if any party had special experience or expertise with tires, it was the plaintiffs.
The plaintiffs’ failure to allege that the dangerous condition or defect in the tire was latent is fatal to their negligence claim against E & A, as essential element (4) of a prima facie negligence case was not alleged. Interestingly, the plaintiffs did allege that the tire defect was latent in their complaint against Miehelin, the tire’s manufacturer. Paragraph 26 of the complaint stated: “The defects described above were such that a person using and/or handling the tire in question could not have discovered them with a reasonable inspection.” This allegation, necessary to support a claim in negligence, was conspicuously missing from plaintiffs’ claim against E & A. Despite this apparent inconsistency and despite the elemental proposition that on a motion to dismiss for failure to state a cause of action all allegations are taken as true, this court will not “by inference on inference or speculation supply essential averments that are lacking.” Ocala Loan Co. v. Smith, 155 So.2d 711, 715 (Fla. 1st DCA 1963); see also Edwards v. Maule Indus., Inc., 147 So.2d 5, 7 (Fla. 3d DCA 1962).
*1001 Although it is unnecessary to discuss other issues raised in this appeal, comment regarding several items is merited. We believe that the plaintiffs’ allegations that E & A was a “regular and frequent user” of trucks and a “sophisticated user” of truck tires are simply not supported by the facts. Although the plaintiffs and Michelin characterized E & A as a “trucking company” throughout the proceedings below and during oral argument before this court, the. fact is that E & A is a small, seven-employee produce company that owns one truck for its deliveries. Ownership of one truck hardly qualifies E & A as either a “regular and frequent” commercial user of trucks or as a “sophisticated user” of truck tires. We find that E & A was in the position of an ordinary user of trucks and truck tires and that there is no valid rationale for holding E & A to a higher standard of cafe.
Further, although raised by counsel for Michelin at oral argument before this court, there was absolutely no allegation raised in the complaint that E & A’s truck was of the tandem wheel axle (dual tire) configuration or that the inner tire of such a dual tire configuration had been operated in a flat or underinflated condition.
Lastly, from our perspective, it seems that the tire in question was neither “underinflat-ed” nor “overloaded” when it was brought to Alvarez Tire; it was flat (un inflated). Thus, the tire was not in a dangerous condition when brought to Alvarez Tire. Moreover, the tire exploded after Mr. Garcia inspected it and worker on it, after he repaired the flat, and after he reinflated it without incident. The latent defect, if any, was unknown to E & A and was also not discovered by Garcia or Alvarez, tire repairmen. If these tire “experts” did not discover any dangerous condition in the tire while working on it, how was non-expert E & A on notice of that condition so as to obligate it to warn the plaintiffs? See Sallee v. Shoptaw, 210 Ark. 600, 198 S.W.2d 842, 844 (1946).
Reviewing the facts as they actually appeared in this complaint, then, no viable claim of negligence was alleged. There was no allegation of a latent defect and, therefore, no duty to warn of that defect nor a breach of a legal duty to these plaintiffs. Dismissal of the complaint with prejudice was warranted. Plaintiffs have already had numerous opportunities to amend their complaint so as to state a cause of action; this dismissal was of Garcia’s third amended complaint and the Alvarezes’ amended complaint. Courts are not required to award plaintiffs endless bites of the same apple. See, e.g., Feigin v. Hospital Staffing Services, Inc., 569 So,2d 941 (Fla. 4th DCA 1990). Moreover, amendment of the complaint is not permitted where, as here, the plaintiff did not request leave to amend below. See, e.g., Pokress v. Tisch Florida Properties, Inc., 153 So.2d 346, 351 (Fla. 3d DCA 1963).
For the reasons heretofore stated, the dismissal with prejudice of the plaintiffs’ complaint against E & A is hereby affirmed.

. The parties referred to the rupture as a "zipper tear” or "zipper rupture,” a condition apparently caused by steel core fatigue within the tire.