864 So.2d 447 (2003)
E & A PRODUCE CORPORATION, Appellant,
v.
Nilda OLMO, Appellee.
No. 3D03-1005.
District Court of Appeal of Florida, Third District.
December 10, 2003.
Rehearing Denied January 30, 2004.
*448 James H. Greason, Miami, for appellant.
Schatzman & Schatzman, and Arnold Schatzman, for appellee.
Before COPE, GERSTEN, and RAMIREZ, JJ.
PER CURIAM.
Appellant E & A Produce Corporation filed a civil action against appellee Nilda Olmo, her brother Silfredo Trujillo and the company they own and operate, Superior Garlic Corporation. We affirm.
Olmo is the vice-president of Superior Garlic. E & A asserted various claims against Olmo, Trujillo, and Superior Garlic. The claims against Olmo, individually, included civil theft, conversion and malicious destruction of property, in connection with the removal of a control panel from a garlic peeling machine that was the subject of a failed joint venture between the parties.
On appeal, E & A challenges the trial court's Summary Final Judgment entered in favor of Olmo. Officers of a corporation are not liable for corporate acts simply by reason of the officer's relation to the corporation. See Checkers Drive-In Rests., Inc. v. Tampa Checkmate Food Servs., Inc., 805 So.2d 941, 944 (Fla. 2d DCA 2001). It is true that individual officers and agents of a corporation may be held personally liable for their tortious acts, even if such acts were committed within the scope of their employment or as corporate officers. See Orlovsky v. Solid Surf, Inc., 405 So.2d 1363, 1364 (Fla. 4th DCA 1981).
A careful review of the record in this case, however, indicates that E & A did not present any competent evidence to demonstrate that Olmo was involved in any of the acts E & A alleges in its Second Amended Complaint. The record thus reflects no genuine issues of material fact in dispute. Therefor, in the absence of any competent evidence of wrongdoing on Olmo's part that would make her personally or individually liable, the trial court was correct to enter Final Summary Judgment in Olmo's favor. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126,130 (Fla.2000).
Affirmed.