913 So.2d 645 (2005)
SUPERIOR GARLIC INTERNATIONAL, and Silfredo Trujillo, Appellants,
v.
E & A PRODUCE CORPORATION, Juan Almeida and Adria Adrian Almeida, Appellees.
No. 3D04-1641.
District Court of Appeal of Florida, Third District.
July 20, 2005.
Rehearing and Rehearing Denied November 17, 2005.
*646 Schatzman & Schatzman, Miami, and Arnold Schatzman, for appellants.
James H. Greason, for appellees.
Before LEVY, GREEN, and RAMIREZ, JJ.
Rehearing and Rehearing En Banc Denied November 17, 2005.
RAMIREZ, J.
Superior Garlic International and Silfredo Trujillo appeal the trial court's final judgment entered pursuant to a jury verdict in favor of plaintiff/counter-defendant E & A Produce Corporation and plaintiffs/counter-defendants, Juan Miguel Almeida and Adria Adrian Almeida. We affirm the finding against Superior on its counterclaims but conclude that the trial court should have set aside the verdicts against Superior and Trujillo on E & A's claim. We therefore reverse judgment entered pursuant to the jury verdicts.
In late 1998, Alfredo Trujillo, President of Superior Garlic, and Juan Almeida, President of E & A, began negotiating a joint venture to form a garlic peeling, packing and selling business. E & A placed an order to purchase a large garlic *647 peeling machine to be used if the joint venture was created. In October 1999, Superior relocated its business to an empty warehouse owned by E & A. The testimony was disputed as to whether or not the parties agreed to a one year lease.
After the garlic machine was completed, it was shipped and stored in the warehouse occupied by Superior. Superior ordered and paid for the control panel used to operate the garlic machine and paid for the wiring of the panel and machine.[1] In early June 2000, the parties terminated their joint venture. On June 30, 2000, Almeida gave Superior notice that their rental agreement was terminated and that Superior should vacate by July 15, 2000. When Superior failed to vacate, Almeida raised the rents to $1,000.00 for the week of July 31 to August 5, 2000, and $2,500.00 for the week of August 7 to August 13. Superior acceded to the rent amounts while looking for a place to relocate.
Trujillo testified that he and Almeida reached an understanding in early August 2000 to settle each parties' out of pocket expenses associated with the joint venture. E & A would pay Superior $15,000.00 to keep the control panel, or Superior would pay E & A $3,855.00 as reimbursement for E & A's contribution to the purchase of the panel, in which case Superior would keep the control panel. The arrangement was to be concluded on August 15, 2000, when Superior cleaned the warehouse.
On August 15, while Almeida was out of town, Trujillo sought to settle for the control panel. There was a disagreement, and the police were called. When Trujillo showed the police his invoice, he was told that he could take the control panel but was given only five minutes to do so. Because he could not remove all the wires properly in five minutes, Trujillo decided to cut them.
E & A filed a five count complaint for 1) civil theft of property, 2) civil theft of trade secret, 3) conversion and trespass to chattel, 4) malicious destruction of property, and 5) negligence, against Trujillo, Superior, and Nilda Olmo, the vice-president of Superior. After the trial court granted motions to dismiss, E & A filed an amended complaint, alleging 1) civil theft, 2) conversion, 3) malicious destruction of property, and 4) negligence. Superior served its answer and included two counterclaims. The trial court awarded defendants a judgment for attorney's fees and costs relating to the abandoned civil theft claim, which was subsequently affirmed by this Court. See E & A Produce Corp. v. Superior Garlic Int'l, Inc., 864 So.2d 449 (Fla. 3d DCA 2003). Superior then moved for summary judgment as to E & A's claims. The trial court granted Superior's summary judgment motion as to 1) civil theft, 2) conversion, and 3) malicious destruction of property. Because there were no other claims remaining against Olmo, summary judgment was entered in her favor, which was later affirmed on appeal. See E & A Produce Corp. v. Olmo, 864 So.2d 447 (Fla. 3d DCA 2003).
E & A proceeded on its claim for negligence, and Trujillo and Superior proceeded on their counterclaims for wrongful eviction and storage charges. The jury returned verdicts in favor of E & A on its negligence claims against Superior and Trujillo for $24,000 each, and in favor of E & A on Superior's counterclaims. Trujillo and Superior moved for judgment notwithstanding the verdict and new trial. These motions were denied.
*648 On appeal, Superior first contends that E & A failed to prove the elements of its negligence claim because there was no proof of a duty owed or a breach by appellants. We agree. To prove its negligence claim, E & A was required to establish the elements of negligence, i.e., the existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others including the plaintiff; a failure on the part of the appellants to perform that duty; and an injury or damage to E & A proximately caused by such a failure. See Westchester Exxon v. Valdes, 524 So.2d 452, 453 (Fla. 3d DCA 1988). Here, there was no joint venture or contract between the parties at the time the incident took place. The only duty that E & A has advanced is a duty of good faith conduct arising from their venture to process and package garlic. This is a classic case of clothing a breach of contract claim in negligence garments. E & A has not explained how the absence of a contract or joint venture, thus preventing a breach of contract action, can nevertheless create a duty of good faith arising from such non-existent venture. If E & A could not prove that there was a contractual obligation on Superior's part, that failure cannot then be used to create a duty of good faith.
The only evidence at trial regarding the removal of the control panel, which Superior owned, was Trujillo's testimony, which was not disputed. Trujillo testified that he only had five minutes to remove the control panel, and therefore, had no other choice but to cut the wires, which also belonged to Superior. He did so in a cautious and careful way, so as to not cause E & A any damage. There was no physical damage to the actual garlic machine. In addition, Trujillo's undisputed testimony was that Superior's wires which were cut were not directly connected to any machine or other property belonging to E & A. The unrebutted testimony of Trujillo was that he never touched E & A's machinery or property. In fact, it appears the only cause of E & A's loss was its failure to purchase the control panel and wiring prior to the time of the incident.
Because these facts were uncontroverted, the jury could not return a verdict contrary to this evidence. Bach v. Murray, 658 So.2d 546 (Fla. 3d DCA 1995). Consequently, the elements of negligence were not proved and the appellants are entitled to have the verdict set aside and to have judgment entered in their favor on E & A's negligence claim. Emmons v. Baptist Hospital, 478 So.2d 440 (Fla. 1st DCA 1985).
E & A also cannot prevail on its negligence claim because it did not prove any damages. E & A's only damage claim was the replacement costs of the wiring for installation of a new control panel and loss of revenues from the machine during the period required for repair. With regard to the replacement costs of the wiring, Superior bought and owned the control panel and wiring that E & A sought to replace, and there was no admitted evidence to offer proof of rewiring costs at trial. At the time of the incident, the peeling machine was not capable of producing peeled garlic because several necessary pieces of equipment had not yet been ordered. In addition, E & A was never in the peeled garlic business, and never used the machine prior to the incident.
More importantly, the lawsuit was brought by the wrong corporation. The evidence indicates that E & A had previously sold the machine under a sale and lease-back arrangement to another company, Amresco Equipment Financing and Leasing. As its only evidence of lost revenues, E & A submitted financial information *649 of a separate corporation, International Garlic, Inc., which was created in October 2000, and was the corporation that ultimately sold the garlic, the production of which was allegedly delayed by the removal of the control panel. International Garlic, Inc. was not a party to this lawsuit. Consequently, without proof of damages concerning its business, E & A could not prevail on its negligence claim. See Broxmeyer v. Elie, 647 So.2d 893 (Fla. 4th DCA 1994). As such, the trial court was bound to set aside the jury verdict and judgment and grant the appellants' judgment notwithstanding the verdict, or a new trial.
We further hold that E & A failed to prove its claim against Trujillo because there was no evidence whatsoever that Trujillo acted in any capacity other than as a corporate officer. E & A failed to establish that Trujillo acted personally, as opposed to an officer of Superior. Accordingly, the trial court should have set aside the verdict and judgment against Trujillo and entered judgment in his favor. See Natoel v. Royal Caribbean Cruise, Ltd., 657 So.2d 26 (Fla. 3d DCA 1995).
Turning now to Superior's counterclaims, Superior maintains that it is entitled to recover damages for wrongful eviction because there was a lease agreement for one year. However, Superior could never produce a written lease. When Superior could not find an executed, written lease, it then claimed that the parties had entered into an oral lease arrangement. E & A disputed this and the jury found for E & A on this issue, a finding which we have no legal basis for disturbing. We likewise find no merit to Superior's claim for storage charges. Accordingly, we hold that the trial court did not abuse its discretion in denying Superior's motion for j.n.o.v. or new trial regarding both its counterclaims. Lykes Bros., Inc. v. Singletary, 190 So.2d 589, 591 (Fla. 2d DCA 1966) (motion for new trial is directed toward the sound direction of the trial judge, and an appellate court will not reverse an order granting a new trial unless the appellant demonstrates that the trial court has abused its discretion).
Based on the foregoing, we reverse the trial court's judgment entered against Superior and Trujillo, and vacate the verdicts and judgment. With regard to E & A's negligence claims, we direct the trial court to enter judgment in Superior and Trujillo's favor. We affirm on Superior's counterclaim for wrongful eviction and storage charges.
Affirmed in part, reversed in part, and remanded with directions.
NOTES
[1] Almeida acknowledged that Trujillo paid about $8,000 for the control panel and E & A contributed the last payment of $3,500. It is undisputed that the bill of sale showed Superior as the owner of the control panel.