995 So.2d 1024 (2008)
William MAXAKOULIS, Appellant,
v.
Scott F. KOTLER, Tucker & Kotler, P.A., Michael I. Kotler and Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., Appellees.
No. 4D07-4312.
District Court of Appeal of Florida, Fourth District.
October 29, 2008.
Rehearing Denied December 17, 2008.
*1025 Jeff Tomberg of Jeff Tomberg, J.D., P.A., Boynton Beach, for appellant.
Miguel M. de la O of De La O, Marko, Magolnick & Leyton, Miami, for appellee Scott F. Kotler and Bruce Alan Weil of Boies, Schiller & Flexner, LLP, Miami, for appellee Tucker & Kotler, P.A.
Louis F. Robinson, III of Law Offices of Louis Robinson, P.A., North Palm Beach, for appellees Michael I. Kotler and Schwartz, Gold, Cohen, Zakarin & Kotler, P.A.
DAMOORGIAN, J.
William Maxakoulis sued Scott F. Kotler, Tucker & Kotler, P.A., Michael I. Kotler, and Schwartz, Gold, Cohen, Zakarin & Kotler, P.A. for professional malpractice. The trial court granted the Defendants' motions for summary judgment on the grounds that Maxakoulis was not entitled to recover any of the damages he claimed. We affirm on all points, and write to address the issue of economic damages.
In his claim for economic damages, Maxakoulis asserts that he is entitled to recover the attorney's fees he paid to Scott Kotler and Michael Kotler to represent him in his criminal case and the attorney's fees he paid to other attorneys to represent him in his post-conviction motions. However, it is undisputed that Maxakoulis' mother paid these fees on his behalf and that he has no obligation to reimburse her. Thus, the undisputed facts show that Maxakoulis did not suffer any loss and is not entitled to relief. See Broxmeyer v. Elie, 647 So.2d 893 (Fla. 4th DCA 1994) ("Where there is no proof of damages, there can be no recovery."). The trial court properly granted summary judgment on these grounds. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000) (summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law). Accordingly, we affirm.
Affirmed.
STONE and WARNER, JJ., concur.