# Third District Court of Appeal
## State of Florida

Opinion filed February 23, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1830
Lower Tribunal No. 20-4425
_____

**Julian Iacono,**
Appellant,

vs.

**Kingsley Arms Apartments, Inc., etc.,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Goldberg & Rosen, P.A., Judd G. Rosen and Mustafa H. Dandashly, for appellant.

Cole Scott & Kissane, P.A., and Lissette Gonzalez, for appellee.


Before FERNANDEZ, C.J., and SCALES and GORDO, JJ.

GORDO, J.

Julian Iacono appeals the trial court's final order granting a motion to dismiss in favor of Kingsley Arms Apartments. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Kingsley Arms Apartments privately owns and operates a six-floor apartment building located in Miami-Dade County. A then seventeen-year-old Julian Iacono, an undiscovered trespasser, gained access to the rooftop of Kingsley and intentionally jumped from the rooftop to commit suicide. Iacono survived his suicide attempt, but suffered serious injuries, including the amputation of his right leg.

Iacono subsequently sued Kingsley for premises liability and negligence per se alleging that Kingsley owed a duty to Iacono relying on a means restriction theory of suicide prevention because rooftops are where suicides take place. This theory posits that by eliminating or heavily restricting access to a particular method by which individuals attempt suicide, the overall rate of suicide attempts decreases proportional to the rate at which those specific means were used. In his complaint, however, Iacono made clear that "[p]laintiff does not allege or otherwise contend that [d]efendant owed or breached a specific duty to [p]laintiff to prevent or guard against [p]laintiff's specific attempt to commit suicide." After an extensive hearing, the trial court found that private building owners owe no duty to

undiscovered trespassers attempting to commit suicide that would warrant liability. This appeal followed.

Even if, as it must be assumed, the alleged facts are all true, we find it is apparent that no iteration of the facts would support a cause of action by Iacono against Kingsley for premises liability or negligence per se. See Kelley v. Beverly Hills Club Apartments, 68 So. 3d 954, 957 (Fla. 3d DCA 2011) (generally, "[t]here is no liability for the suicide of another [or for injuries sustained in a suicide attempt] in the absence of a specific duty of care." (quoting Paddock v. Chacko, 522 So. 2d 410, 416 (Fla. 5th DCA 1988))); Garcia v. Lifemark Hosps. of Fla., 754 So. 2d 48, 49 (Fla. 3d DCA 1999) (finding that a duty of care may exist "where a patient has surrendered himself to the custody, care and treatment of a psychiatric hospital and its staff" and the hospital has failed "to take protective measures to prevent the patient from injuring himself."); Paddock, 522 So. 2d at 416 ("[D]uty is based solely on the fact of the patient's confinement in the hospital, and the hospital's ability to supervise, monitor and restrain the patient."); Rafferman v. Carnival Cruise Lines, Inc., 659 So. 2d 1271, 1272–73 (Fla. 3d DCA 1995) (holding that a ship owner has no duty to protect a seaman from committing suicide unless there is evidence the seaman "had taken actions which indicate that [he] may do harm to others or to himself." Absent such

3

allegations a defendant cannot be liable "even in the extreme situation which occurs when a patient of a mental hospital—who by definition is suffering from psychiatric difficulties of some kind—has given no previous indication that his mental illness might lead to suicide."); Nicholson v. Stonybrook Apartments, LLC, 154 So. 3d 490, 492 (Fla. 4th DCA 2015) (stating that in a premises liability case "the only duty a property owner owes to an undiscovered trespasser is to refrain from causing intentional harm, and the only duty it owes to a discovered or 'known' trespasser is to refrain from gross negligence/intentional harm and to warn of known conditions that are not readily observable by others."). Reviewing the facts as they appear in the complaint, then, no viable claim of premises liability or negligence per se were alleged and therefore, dismissal of the complaint with prejudice was warranted. See Alvarez v. E & A Produce Corp., 708 So. 2d 997, 1000 (Fla. 3d DCA 1998).

Affirmed.