# Third District Court of Appeal

## State of Florida

Opinion filed August 30, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D22-1839
Lower Tribunal No. 22-10713

————————————

**Suzmar, LLC, et al.,**
Appellants,

vs.

**First National Bank of South Miami,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Squire Patton Boggs (US) LLP, and Alvin B. Davis, for appellants.

Carlton Fields, P.A., and Alan Grunspan; Carlton Fields, P.A., Robert M. Quinn and Nathaniel G. Foell (Tampa), for appellee.

Before LOGUE, C.J., and EMAS and GORDO, JJ.

GORDO, J.

Suzmar, LLC, et al.[1] ("the LLCs") appeal an order granting First National Bank of South Miami's ("First National") motion to dismiss the amended complaint. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because the LLCs failed to state a cause of action for negligence and unjust enrichment, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This dispute arises as a result of a $5.5 million loan First National made to Suzanne DeWitt, the manager of the LLCs. DeWitt used the LLCs as security for the underlying loan and, after she defaulted, First National assessed the LLCs accounts for repayment.

The LLCs filed suit against First National for negligence and unjust enrichment, arguing First National was negligent for improvidently granting the loan and alleged the following:

> First National, in an attempt to garner more wealthy clients, issued a $5.5 million loan to Suzanne DeWitt—a Miami attorney who claimed to own the LLCs, and used their accounts as collateral as security—despite inconsistencies in her loan application. First National failed to investigate DeWitt contrary to the "know-your-customer" ("KYC") requirements of the Bank Secrecy Act ("BSA"). Upon discovery that DeWitt's claim of ownership of the

[1] This includes IBRB I, LLC; IBRB II, LLC; IBRB III, LLC; IBRB IV, LLC; IBRB V, LLC; IBRB VI, LLC; Agoraminorca, LLC; Agoraduna, LLC; Agoraschenley, LLC; Agorasolta, LLC; Agoraportillo, LLC; Agorafairchild, LLC; Mantuagora, LLC; Agorasistina, LLC; Agoratibidabo, LLC; and Agorandora, LLC.

LLCs was disputed by Agorive NV, a Belgian corporation, First National declared the loan in default. When DeWitt was unable to return the full amount of the loan, First National recouped the shortfall from the LLCs accounts.

First National filed a motion to dismiss the amended complaint asserting the LLCs had failed to state a cause of action because: (1) Florida law does not recognize a claim for negligent lending absent a fiduciary relationship; and (2) a claim for unjust enrichment cannot lie without a windfall benefit. The trial court held a hearing and subsequently granted the motion to dismiss.[2] This appeal followed.

## LEGAL ANALYSIS

"In reviewing an order granting a motion to dismiss for failure to state a cause of action, the standard of review is *de novo*." Morin v. Florida Power & Light Co., 963 So. 2d 258, 260 (Fla. 3d DCA 2007). "To survive a motion to dismiss, a complaint must allege a prima facie case. In evaluating a motion to dismiss, the court confines its consideration to the four corners of the complaint and must accept all well-pleaded allegations as true." Alvarez v. E & A Produce Corp., 708 So. 2d 997, 999–1000 (Fla. 3d DCA 1998).

---

[2] The trial court originally granted this motion to dismiss without prejudice to allow the LLCs to amend their complaint. The LLCs declined to do so and instead filed this appeal. This Court relinquished jurisdiction for fifteen days and the trial court subsequently entered an appealable final order of dismissal with prejudice.

"Whether a prima facie case has been pled depends on the sufficiency of the plaintiff's allegations of fact, excluding the bare conclusions of the plaintiff." Id.

The LLCs assert First National was negligent because it owed them a duty to act in good faith, which it failed to do because it failed to comply with the KYC requirements and negligently lent the money to DeWitt.

To prove a negligence claim, one must establish the existence of a legally recognized duty, breach in performance of said duty, and damages proximately caused from said breach. See Superior Garlic Int'l v. E & A Produce Corp., 913 So. 2d 645, 648 (Fla. 3d DCA 2005).

In Florida, however, banks have no duty to customers to prevent negligent lending absent a fiduciary relationship. See Assad v. Mendell, 511 So. 2d 682, 684 (Fla. 3d DCA 1987) (holding that a bank did not owe a duty to customers to carry out its lending procedures in a "non-negligent manner"); Boucher v. First Cmty. Bank of Orange City, 626 So. 2d 979, 983 (Fla. 5th DCA 1993) ("Although it may have been poor business practice for First Community to have closed the loan without first inspecting the collateral, it had no obligation to do so on the Bouchers' behalf."); Watkins v. NCNB Nat'l Bank of Fla., N.A., 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993) ("In an arms-length transaction . . . there is no duty imposed on either party

4

to act for the benefit or protection of the other party, or to disclose facts that the other party could, by its own diligence[,] have discovered.") (quoting Lanz v. Resolution Trust Corp., 764 F. Supp. 176, 179 (S.D. Fla. 1991).

Here, the allegations in the complaint clearly establish the LLCs and First National did not have a fiduciary relationship. "The general rule is that the relationship between a bank and its borrower is that of a creditor-debtor and that a bank owes the borrower no fiduciary duty." Silver v. Countrywide Home Loans, Inc., 760 F. Supp. 2d 1330, 1338–40 (S.D. Fla. 2011); see also McCulloch v. PNC Bank Inc., 298 F.3d 1217, 1226 n.13 (11th Cir. 2002) ("As a general matter, there is no presumed fiduciary relationship between a lender and a borrower under the common law."). "Under Florida law, a fiduciary duty exists where confidence is reposed by one party and a trust accepted by the other." Silver, 760 F. Supp. 2d at 1338. "[O]ne may not unilaterally impose a fiduciary responsibility on another simply by reposing trust; absent some conscious acceptance of such duties, no fiduciary relationship is created." Id. at 1339. The trial court therefore properly dismissed the LLCs negligence claim against First National because absent any fiduciary relationship, First National did not owe the LLCs a duty to refrain from negligent lending.

Additionally, the KYC requirements contained in the federal Bank Secrecy Act, 31 U.S.C. § 5311, do not create a duty First National owed to the LLCs because bank consumers do not have a private right of action to enforce these rules.  See Wiand v. Wells Fargo Bank, N.A., 86 F. Supp. 3d 1316, 1322 (M.D. Fla. 2015), aff'd sub nom., 677 Fed. Appx. 573 (11th Cir. 2017) ("To the extent federal banking statutes such as the Bank Secrecy Act impose duties on banks, those duties extend to the United States, not a bank's customers."); TBTG, LLC v. Fid. Brokerage Servs. LLC, 2016 WL 9383325, at *4 (M.D. Fla. Oct. 17, 2016) ("Because the Bank Secrecy Act and its implementing Regulations do not create a private right of action, Fidelity maintains that TBTG may not base a negligence claim on a violation of [its] . . . requirements.") (internal citations omitted); Nesbeth v. Wachovia Bank, 09-62042-CIV, 2010 WL 11601016, at *8 (S.D. Fla. July 19, 2010) (finding "a review of other district and circuit decisions, combined with an analysis of congressional intent behind the statute, requires the conclusion that no private cause of action exists under the Bank Secrecy Act ('BSA')"); SFS Check, LLC v. First Bank of Del., 990 F. Supp. 2d 762, 775 (E.D. Mich. 2013), aff'd, 774 F.3d 351 (6th Cir. 2014) (As the BSA does not create a private right of action, it also "does not provide a basis for imposing a duty of care owed by [the bank] to Plaintiff."); Ferring v. Bank of Am. NA, 2016 WL

6

407315, at *4 (D. Ariz. Feb. 3, 2016) ("[T]he BSA does not authorize a private right of action for its violation," and plaintiff therefore "cannot rely on the BSA . . . to establish a duty.").

The LLCs claim for unjust enrichment is similarly insufficient. "Unjust enrichment 'cannot exist where payment has been made for the benefit conferred.'" N.G.L. Travel Assocs. v. Celebrity Cruises, Inc., 764 So. 2d 672, 675 (Fla. 3d DCA 2000) (quoting Gene B. Glick Co. v. Sunshine Ready Concrete Co., 651 So. 2d 190, 190 (Fla. 4th DCA 1995). Under Florida law, "[w]hen a defendant has given adequate consideration to someone for the benefit conferred, a claim of unjust enrichment fails." Am. Safety Ins. Serv., Inc. v. Griggs, 959 So. 2d 322, 331–32 (Fla. 5th DCA 2007). Thus, the LLCs did not sufficiently state a cause of action for unjust enrichment because the $5.5 million loan was adequate consideration to someone related to the LLCs for the benefit conferred. See Johnson v. Chase Bankcard Servs., Inc., 582 F. Supp. 3d 1230, 1236 (M.D. Fla. 2022) ("Plaintiff provides no authority for the proposition that the consideration must be paid to the individual conferring the benefit. Indeed, Plaintiff's contention appears to be contrary to Florida law.").

Affirmed.